RICHARD C. MOENNING, Plaintiff-Appellant, v. COMMONWEALTH EDI-
SON, Defendant (Illinois Commerce Commission, Appellee).

First District (2nd Division)   No. 84—1019

Opinion filed June 28, 1985.

Richard C. Moenning, of Chicago, for appellant, *pro se.*

Neil F. Hartigan, Attorney General, of Springfield (Hercules F. Bolos and David L. Nixon, Assistant Attorneys General, of Chicago, of counsel), for appellee.

JUSTICE BILANDIC delivered the opinion of the court:

Appellant, Richard C. Moenning, filed a complaint against Commonwealth Edison with the Illinois Commerce Commission (ICC) on May 21, 1981. The complaint, entitled "Richard C. Moenning v. Commonwealth Edison," alleged that the security deposit required by Commonwealth Edison was void. In July 1983, the ICC made its findings and denied the complaint in an order entitled, "Richard C. Moenning v. Commonwealth Edison." Pursuant to section 68 of the Public Utilities Act (Ill. Rev. Stat. 1981, ch. 111²/₃, par. 72), Moenning filed a motion for rehearing, which was denied on September 6 in an order entitled, "Richard C. Moenning v. Commonwealth Edison." Moenning then appealed to the circuit court of Cook County.

On October 5, 1983, the ICC received a notice of appeal that was captioned "Richard C. Moenning v. Commonwealth Edison Company." The ICC entered a special and limited appearance under section 2—301 of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 2—301) to contest the circuit court's jurisdiction. The ICC argued that the appeal was not proper because the ICC was not a named party in the notice of appeal; therefore, the circuit court had no jurisdiction to entertain it. The circuit court subsequently dismissed the appeal for want of jurisdiction, and Moenning filed this timely appeal. The sole issue is whether the caption in the notice of appeal is jurisdictional.

I

The governing statute is section 68 of the Public Utilities Act (hereinafter the Act), which reads in pertinent part:

"Sec. 68. Within thirty days after the service of any order or decision of the Commission refusing an application for a rehearing of any rule, regulation, order or decision of the Commission, *** any person or corporation affected by such rule, regu-

lation, order or decision, may appeal to the circuit court of the county *** for the purpose of having the reasonableness or lawfulness of the rule, regulation, order or decision inquired into and determined. *** The party taking such an appeal shall file with the secretary of the Commission written notice of said appeal. The Commission, upon the filing of such notice, shall *** file with the clerk of the circuit court to which such appeal is taken a certified copy of the order ***. The party serving such notice of appeal shall, within 5 days after the service of such notice upon the Commission, file a copy of said notice, with proof of service, with the clerk of said court to which the appeal is taken, *and thereupon said circuit court shall have jurisdiction over said appeal* and the same shall be entered upon the records of said circuit court and shall be tried therein without formal pleadings, but otherwise according to the rules governing other civil cases, so far as the same are applicable." (Emphasis added.) Ill. Rev. Stat. 1981, ch. 111²/₃, par. 72.

The plain language of the statute sets forth the requirements to perfect an appeal. The appellant must file written notice of the appeal with the secretary of the Commission within 30 days after a rehearing has been denied. Within five days thereafter, the appellant shall file a copy of the notice of appeal with proof of service with the clerk of the circuit court. It is undisputed that Moenning complied with these statutory prerequisites to perfect an appeal. Once these steps have been taken, the statute states clearly that "thereupon said circuit court shall have jurisdiction over said appeal ***."

Despite the clear language of the statute, the ICC asserts that the circuit court was without jurisdiction because the ICC was not named as a party in the notice of appeal. It claims that the notice of appeal should be entitled, "Richard C. Moenning v. Illinois Commerce Commission."

We note that the ICC Rule of Practice XIX mentions nothing about captioning; it merely provides that notice shall be by filing five copies of the notice of appeal with the secretary of the Commission, together with proof of service and compliance with section 68 of the Public Utilities Act. Similarly, section 68 itself is silent about captioning, nor does it mandate that an administrative agency be made a defendant, as section 3—107 of the Administrative Review Act requires. (Ill. Rev. Stat. 1983, ch. 110, par. 3—107.) Thus, in the absence of any specific directive in section 68, the appellant could reasonably infer that the ICC did not need to be named in the caption because decisions on orders by the ICC do not come under the Admin-

istrative Review Act. Ill. Rev. Stat. 1983, ch. 110, par. 3—101 *et seq.*

■ It is well-settled that a "circuit court sitting in review of a decision of the Commission is in the exercise of a special jurisdiction, and such appeals must be prosecuted in accordance with the requirements of the Public Utilities Act to be legally effective." (*Ferndale Heights Utility Co. v. Illinois Commerce Com.* (1982), 112 Ill. App. 3d 175, 178, 445 N.E.2d 334, *appeal denied* (1983), 94 Ill. 2d 552 (holding that the place of filing is jurisdictional).) In this case, appellant Moenning completely followed the procedures outlined in section 68 and in the ICC's own rules of practice. We see no logical reason why such an appeal should be foreclosed.

Although the issue before us has been raised before, it has not been decided. In *Department of Conservation v. Baltimore & Ohio R.R. Co.* (1982), 103 Ill. App. 3d 417, 431 N.E.2d 441, *appeal denied* (1982), 91 Ill. 2d 558, we held that any defect in captioning had been waived because the ICC had participated in the appeal for months. In *City of Peoria v. Illinois Commerce Com.* (1983), 96 Ill. 2d 416, 451 N.E.2d 844, our supreme court ruled that mailing the notice of appeal within 30 days was timely. The court then cited with approval the following reasoning of the appellate court:

> " 'We see no reason why any step in the perfection of an appeal from an order or decision, rule or determination, by the Commission should have to be pursued with more exactitude than an appeal from an order of the circuit court. The appeal is initiated by the timely filing of the notice of appeal. We find no logical or statutory reason why any other step should be determined to be jurisdictional.' " *City of Peoria v. Illinois Commerce Com.* (1983), 96 Ill. 2d 416, 419, quoting *Illinois Telephone Association v. Illinois Commerce Com.* (1978), 57 Ill. App. 3d 968, 971, 373 N.E.2d 676, *appeal denied* (1978), 71 Ill. 2d 608; 87 Ill. 2d R. 301.

■ We must also remember that statutes giving the right to appeal are to be liberally construed, and an interpretation that will result in a forfeiture is not favored. The requirements of notice are given a liberal extension to make certain that a case will be considered on the merits by a reviewing court. *Glasco Electric Co. v. Department of Revenue* (1981), 86 Ill. 2d 346, 351-52, 427 N.E.2d 90; 3A Sutherland, Statutory Construction sec. 67.08 (4th ed. 1974).

■ There is no reason, and no support in rule, statute, or case law, why we should read a jurisdictional requirement like captioning into the statute. To do so would promote form over substance and defeat an otherwise valid notice of appeal. In fact, to read such a re-

quirement into the statute would be contrary to the explicit language of section 68, which confers jurisdiction on the circuit court provided that certain steps are taken, which they were in this case. The purpose of section 68 is to insure that the parties receive timely notice; this was done here, and there is no showing that the ICC was prejudiced in any way.

## II

■ The ICC claims that it is an indispensable party. Section 2—405(a) of the Code of Civil Procedure provides that "[a]ny person may be made a defendant who, either jointly, severally or in the alternative, is alleged to have or claim an interest in the controversy ***." (Ill. Rev. Stat. 1983, ch. 110, par. 2—405(a).) In Illinois, the terms "indispensable party" and "necessary party" are used synonymously. *Lain v. John Hancock Mutual Life Insurance Co.* (1979), 79 Ill. App. 3d 264, 268, 398 N.E.2d 278, *appeal denied* (1980), 79 Ill. 2d 631.

■ Assuming, *arguendo,* that the ICC is an indispensable party, the trial court erred in dismissing the appeal because the failure to join an indispensable party does not deprive a court of its jurisdiction over parties that are properly before it. (*In re Vaught* (1981), 103 Ill. App. 3d 802, 804, 431 N.E.2d 1231.) Moreover, we have held that "where a failure to join an indispensable party is brought to the attention of the reviewing court the appropriate course is to vacate the judgment and to order that the indispensable party be joined, not because the trial court lacked jurisdiction over the joined parties, but because fairness to the nonjoined party dictates such a result." 103 Ill. App. 3d 802, 804.

More importantly, section 2—407 of the Code of Civil Procedure provides:

"Sec. 2—407. Nonjoinder and misjoinder of parties—Change of parties. No action shall be dismissed for misjoinder of parties, or dismissed for nonjoinder of necessary parties without first affording reasonable opportunity to add them as parties. New parties may be added and parties misjoined may be dropped by order of the court, at any stage of the cause, before or after judgment, as the ends of justice may require and on terms which the court may fix." (Ill. Rev. Stat. 1983, ch. 110, par. 2—407.)

Rather than dismissing the appeal, the trial court should have given the appellant the opportunity to add the ICC in the caption of the notice of appeal if it believed that the caption was defective.

For the foregoing reasons, the judgment of the circuit court of

Cook County is vacated, and the cause is remanded for further proceedings consistent with this opinion.

Vacated and remanded.

STAMOS, P.J., and HARTMAN, J., concur.