COURT OF APPEALS OF VIRGINIA


Present:   Chief Judge Fitzpatrick, Judge Annunziata and Senior Judge Willis
Argued at Alexandria, Virginia


WILLIAMS STEEL ERECTION COMPANY, INC.
                                                        OPINION BY
v.        Record No. 0829-03-4        JUDGE ROSEMARIE ANNUNZIATA
                                                        APRIL 13, 2004
DEPARTMENT OF LABOR AND INDUSTRY


               FROM THE CIRCUIT COURT OF PRINCE WILLIAM COUNTY
                              Richard B. Potter, Judge

               Bruce M. Luchansky (Frank L. Kollman; John E. Rinaldi;
               Kollman & Saucier; Walsh, Colucci, Lubeley, Emrich & Terpak,
               on briefs), for appellant.

               Cathie F. Hutchins, Assistant Attorney General (Jerry W. Kilgore,
               Attorney General; Roger L. Chaffe, Senior Assistant Attorney
               General; John K. Byrum, Jr., Assistant Attorney General, on brief),
               for appellee.


        Williams Steel Erection Company (Williams Steel) appeals from an order of the Circuit

Court of Prince William County dismissing its challenge to the Virginia Apprenticeship

Council's (VAC) decision to deregister its apprenticeship program for one year.  The circuit

court dismissed Williams Steel's appeal on the ground that its Petition for Judicial Review failed

to name VAC in the caption in violation of Rule 2A:4 of the Rules of the Supreme Court of

Virginia.  Williams Steel's subsequent Motion For Leave to File an Amended Complaint in

which it sought to substitute VAC as a party in the caption of the petition was denied by the

circuit court on the ground that it no longer had jurisdiction over the case.  Williams Steel

appeals the decisions, arguing that:  (1) although VAC was not named in the caption of its

petition, it suffices for the purposes of Rule 2A:4 that VAC was named in the body of the

pleading; and (2) the circuit court erroneously found that it did not have jurisdiction to entertain

Williams Steel's motion to amend its petition and substitute VAC as party respondent. In the alternative, Williams Steel argues that the Department of Labor and Industry (DOLI) is the only party required to be named in the appeal because of the relationship between DOLI and VAC and the integrality of their functions. Because we find that the circuit court had jurisdiction to entertain Williams Steel's Motion for Leave to File an Amended Complaint to substitute VAC as the party-respondent, we reverse and remand the matter to the circuit court with instructions to consider the motion in a manner consistent with this opinion.

## I. Background

Since 1994, Williams Steel operated an apprenticeship program registered with the Commonwealth of Virginia. Pursuant to its statutory responsibility to administer and oversee the Commonwealth's registered apprenticeship programs, see Code § 40.1-125, DOLI performed several audits of Williams Steel's program from 1997 through 2001. From these audits, DOLI learned that a significant majority of students was not completing the apprenticeship program. Consequently, DOLI instituted proceedings to deregister Williams Steel's program.

On September 9, 2002, DOLI sent Williams Steel a "Notice of Informal Fact-Finding Conference" (Notice). The Notice alleged various deficiencies in Williams Steel's apprenticeship program and set the matter down for hearing on October 2, 2002. Art Williams, president of Williams Steel, appeared at the fact-finding conference; Diane L. Duell, an attorney employed by DOLI, conducted the proceedings. DOLI presented several witnesses who testified to the deficiencies in Williams Steel's apprenticeship program as alleged in the Notice. Believing that he would have an opportunity for a formal hearing after the informal hearing, Williams did not employ counsel, did not submit any supporting documents for consideration, and did not present a formal "defense." He, however, presented testimonial evidence that prior

deficiencies in the program had been resolved and that the company was currently complying with regulatory requirements.

On October 28, 2002, Duell issued findings of fact based on the informal fact-finding conference and forwarded them to VAC for its consideration in determining the status of Williams Steel's Registered Apprenticeship Program. By letter dated November 7, 2002, VAC informed Williams Steel that its apprenticeship program would be deregistered for a period of one year. The letter also apprised Williams Steel of its right to appeal VAC's decision, pursuant to Rule 2A:2, by filing a Notice of Appeal within thirty days with Jennifer Nolen, Director of Apprenticeship Programs at DOLI. On December 5, 2002, Williams Steel faxed a Notice of Appeal and a Petition for Judicial Review to Nolen and Ellen Marie Hess, a DOLI employee. By stipulation, DOLI acknowledged that Nolen is authorized to accept notices of appeal on behalf of VAC.

Williams Steel's notice and petition for judicial review named only DOLI in the caption. However, the petition for judicial review—which was appended to, delivered with, and referenced by the notice of appeal—disclosed in the first paragraph that Williams Steel was appealing the decision of VAC. Allegations showing that Williams Steel was appealing the decision reached by VAC also appeared throughout the body of the petition.

On January 8, 2003, VAC, by special appearance, filed a plea in bar seeking the dismissal of Williams Steel's petition because it failed to name VAC as a party to the suit. DOLI filed a similar plea in bar on January 13, 2003. On February 14, 2003, Williams Steel filed a Motion to File an Amended Complaint in order to substitute VAC as a party respondent. The Circuit Court of Prince William County held a hearing on the pleas in bar on February 24, 2003. By order dated the same day, the circuit court granted the pleas in bar and dismissed the case. In its order, the court ruled that "Williams Steel did not comply with Rule 2A:4 of the Rules of the Supreme

Court, relating to the filing of a petition for appeal, in that Williams Steel failed to timely file a petition for appeal naming the Council [VAC] as a party to this action; and, further, . . . that the filing of a proper and timely petition for appeal is jurisdictional." The circuit court did not address the merits of Williams Steel's Motion for Leave to File Amended Complaint, denying the motion at the hearing solely on the ground that the court had no jurisdiction to allow the amendment because thirty days had elapsed since the December 5, 2002 notice of appeal.

## II. Analysis

### A. Standard of Review

"The decision to permit a party to amend a pleading is discretionary with the trial court. It is reviewable by this Court only for an abuse of that discretion." Thompson v. Thompson, 6 Va. App. 277, 281, 367 S.E.2d 747, 750 (1988). "An abuse of discretion can be found if the trial court uses an improper legal standard in exercising its discretionary function," Congdon v. Congdon, 40 Va. App. 255, 262, 578 S.E.2d 833, 836 (2003) (citation and quotations omitted), because "a trial court 'by definition abuses its discretion when it makes an error of law,'" Shooltz v. Shooltz, 27 Va. App. 264, 271, 498 S.E.2d 437, 441 (1998) (quoting Koon v. United States, 518 U.S. 81, 100 (1996)).

### B. The Trial Court Had Jurisdiction to Consider Williams Steel's Amended Petition

Rule 2A:4 provides that

[w]ithin 30 days after the filing of the notice of appeal, the appellant shall file his petition for appeal with the clerk of the circuit court named in the first notice of appeal to be filed. Such filing shall include all steps . . . to cause a copy of the petition to be served (as in the case of a bill of complaint in equity) on the agency secretary and on every other party.

The circuit court found, and DOLI argues, that the time limitation of Rule 2A:4 is jurisdictional and that Williams Steel could not amend its petition for review on February 14, 2003 because thirty days had passed since the filing of its notice of appeal on December 5, 2003.

- 4 -

Subsequent to the circuit court's decision in this case, the Supreme Court of Virginia, in State Water Control Bd. v. Crutchfield, 265 Va. 416, 578 S.E.2d 762 (2003), addressed the applicability of Rule 2A:4 to matters in which an indispensable party was not named in a petition for appeal. That decision is determinative of the question raised here.

In Crutchfield, property owner Crutchfield challenged the decision of the State Water Control Board to issue a permit to Hanover County allowing the discharge of treated wastewater into the Pamunkey River, which ran adjacent to Crutchfield's property. Id. at 420, 578 S.E.2d at 764. Crutchfield filed a timely petition for appeal with the circuit court in Richmond, naming the Board and the Department of Environmental Quality as defendants. Id. at 420-21, 578 S.E.2d at 764. However, Crutchfield failed to name Hanover County in its petition. Id. at 421, 578 S.E.2d at 764. The Board filed a demurrer seeking to dismiss Crutchfield's petition on the ground that it failed to name Hanover County "in a timely manner." Id. The circuit court overruled the demurrer and allowed Crutchfield leave to amend the petition to add Hanover County as a party. Id. On appeal, the Board challenged the circuit court's authority to allow Crutchfield's amendment, contending that the circuit court lost jurisdiction over the case after thirty days passed from the notice of appeal. Id. at 423, 578 S.E.2d at 766. The Supreme Court rejected the Board's contention, holding that

> [a]lthough the plain language of this provision required the petitioners to serve a copy of their original petition on the County, their failure to do so did not prevent the circuit court from permitting them to amend their petition at a later date to add the County as a party. The contrary argument advanced by the Board would improperly transform the service of process provisions of Rule 2A:4 into a jurisdictional requirement mandating dismissal of the appeal in the circuit court. We decline to apply Rule 2A:4 in this manner in the absence of language in the Rule compelling such a result.

Id. at 424, 578 S.E.2d at 766 (citation omitted). Because the notice and petition for appeal were filed within the thirty-day time limitation, the Supreme Court held that "the circuit court had

jurisdiction over the subject of the appeal," id. at 423-24, 578 S.E.2d at 766, and that "the circuit court's decision permitting the County to be added as a party to the appeal was a matter subject to the court's discretionary authority." Id. at 424, 578 S.E.2d at 766.

Applying the reasoning and holding of the Supreme Court's decision in Crutchfield, we find that the circuit court erred in denying Williams Steel's Motion for Leave to File an Amended Complaint to substitute VAC as a party-respondent on the ground that Rule 2A:4 presented a jurisdictional bar.

We also find that DOLI's reliance on this Court's decision in Mayo v. Dept. of Commerce, 4 Va. App. 520, 358 S.E.2d 759 (1987), is misplaced. In Mayo, the appellant challenged the decision of the Department of Commerce to revoke her license to operate an employment agency. Id. at 522, 358 S.E.2d at 760. Mayo filed a notice of appeal with the circuit court on September 4, 1985, but did not file her petition for appeal until November 25, 1985. Id. at 522, 358 S.E.2d at 761. Because her petition was filed more than thirty days after her notice, the circuit court dismissed the petition, relying on Rule 2A:4. Id. On appeal, Mayo claimed that the circuit court had the authority to extend the time limit found in Rule 2A:4. Id. at 523-24, 358 S.E.2d at 761. This Court rejected that contention, holding that because "the time limitation of Rule 2A:4 is mandatory and . . . the trial judge was not authorized to extend that time limitation, . . . the circuit court did not err in dismissing the petition for appeal which was not timely filed." Id. at 524, 358 S.E.2d at 762. Here, however, Williams Steel timely filed its petition within twenty-five days of the filing of its notice of appeal.

DOLI further argues that, even if Rule 2A:4 does not present a jurisdictional bar to the amendment, Williams Steel did not comply with Rule 2A:2 because it failed to list VAC in the caption of its notice of appeal and that such failure is jurisdictional in its impact. Whether Rule 2A:2 requires appellees to be named in the caption of the notice is an issue of first impression.

We find that DOLI's contention is without merit. Although the Supreme Court reserved judgment on the applicability of Rule 2A:2 in Crutchfield, 265 Va. at 424 n.2, 578 S.E.2d at 766 n.2, because it was not argued before the Court,[1] we think it strains the logic underlying Crutchfield to hold that a timely filed *notice* of appeal that omits a party from the caption presents a jurisdictional bar to amendments, while a timely filed *petition* for appeal that omits a party does not. In reaching this conclusion, we are first guided by the plain language of Rule 2A:2. The rule does not contain a captioning requirement. It requires only that the notice of appeal "state the names and addresses of the appellant and of all other parties." Rule 2A:2. Like the Supreme Court in Crutchfield, we decline to read a captioning requirement into Rule 2A:2 "in the absence of language in the Rule compelling such a result." 265 Va. at 424, 578 S.E.2d at 766; cf. Vaughn v. Vaughn, 215 Va. 328, 329, 210 S.E.2d 140, 141-42 (1974) (dismissing appeal under Rule 5:6 where appellee was not included in her individual capacity in the notice of appeal, the petition for appeal, and the assignments of error). We are further guided by this Court's decision in Carlton v. Paxton, 14 Va. App. 105, 415 S.E.2d 600 (1992), in which we upheld the validity of a notice of appeal under Rule 5A:6 notwithstanding its failure to correctly identify the court order being appealed. Id. at 109, 415 S.E.2d at 602. Our decision to uphold the validity of the notice turned "on the purpose behind rules governing a notice of appeal. As the Supreme Court of Virginia has made plain, these rules have been designed to protect the appellee, not to penalize the appellant." Id. at 110, 415 S.E.2d at 602 (citing Avery v. County Sch. Bd., 192 Va. 329, 333, 64 S.E.2d 767, 770 (1951)); see also Harry W. Kuhn, Inc. v. County of Du Page, 561 N.E.2d 458, 463 (Ill. App. Ct. 1990) ("A notice of appeal is to be construed liberally; where an existing deficiency is one of form rather than substance, appellate jurisdiction

---

[1] We note that, if Rule 2A:2 presented a jurisdictional bar, the Supreme Court could have considered the rule sua sponte, regardless of the parties' failure to address it. Morrison v. Bestler, 239 Va. 166, 170, 387 S.E.2d 753, 756 (1990).

will still be conferred if the notice fairly and accurately advises the successful party of the . . . appeal."); Moening v. Commonwealth Edison, 481 N.E.2d 36, 39 (Ill. App. Ct. 1985) ("There is no reason, and no support in the rule, statute, or case law, why we should read a jurisdictional requirement like captioning into the statute[;] [t]o do so would promote form over substance and defeat an otherwise valid notice of appeal."); Aetna Casualty & Surety Co. v. Allstate Ins. Co., 285 S.E.2d 31, 33 (Ga. Ct. App. 1979) ("That Allstate's name was not included in the caption of that notice [of appeal] was not grounds for dismissing the appeal."). Here, the body of Williams Steel's petition for appeal, which was appended to, delivered with, and referenced by the notice of appeal, made plain that it was appealing VAC's decision. We therefore find that Williams Steel's notice of appeal "protect[ed] the appellee" by informing VAC that its decision would be appealed. It thus fulfilled the purpose behind Rule 2A:2. See Carlton, 14 Va. App. at 110, 415 S.E.2d at 602.

We do not conclude that a total failure to name a party in a notice of appeal presents no jurisdictional problem, cf. Zion Church Designers & Builders v. McDonald, 18 Va. App. 580, 582, 445 S.E.2d 704, 705 (1994) (dismissing appeal under Rule 5A:11 where appellant made "no reference" to an indispensable appellee), or that actual notice will substitute for failure to name a party in a notice of appeal. Cf. Asch v. Mount Vernon Yacht Club, 251 Va. 89, 93, 465 S.E.2d 817, 819 (1996) (holding that "[t]he mere fact that an indispensable party . . . has notice that an appeal has been perfected against another litigant is not sufficient to confer this Court's jurisdiction over the indispensable party against whom no appeal has been perfected"). We hold only that Rule 2A:2 does not present a jurisdictional bar to an amended petition for appeal where, as here, a party submits a timely notice of appeal that names the appellee in the body instead of the caption. See Carlton, 14 Va. App. at 111, 415 S.E.2d at 603 (holding that, "under the facts of this case, dismissal for failure to satisfy the rules governing notice of appeal is

unwarranted" and noting that such a "construction of the rule assures judicial review of a decision affecting substantial interests without compromising either the rule or appellee's rights").

In summary, we find that the Circuit Court of Prince William County applied the wrong legal standard to the exercise of its discretionary powers, <u>Congdon</u>, 40 Va. App. at 262, 578 S.E.2d at 836; <u>Shooltz</u>, 27 Va. App. at 271, 498 S.E.2d at 441. We therefore reverse and remand this matter to the circuit court with direction that it entertain Williams Steel's Motion for Leave to File an Amended Complaint seeking to substitute VAC's name as a party-respondent in its Petition for Judicial Review.[2]

<u>Reversed and remanded.</u>

---

[2] Because we hold that the circuit court abused its discretion and direct it to consider the amendment naming VAC as a party to its appeal, we need not address Williams Steel's other contentions on appeal.