COURT OF APPEALS OF VIRGINIA

Present:    Judges Humphreys, Felton and Kelsey
Argued at Richmond, Virginia


E. DEAN CHRISTIAN

                                                              OPINION BY
v.        Record No. 0918-04-2                     JUDGE D. ARTHUR KELSEY
                                                              MARCH 29, 2005

VIRGINIA DEPARTMENT OF SOCIAL SERVICES


FROM THE CIRCUIT COURT OF FLUVANNA COUNTY
John R. Cullen, Judge

Monica J. Chernin (The Law Offices of Monica J. Chernin, on brief),
for appellant.

Allen T. Wilson, Special Counsel (Jerry W. Kilgore, Attorney
General; David E. Johnson, Deputy Attorney General; Kim F. Piner,
Senior Assistant Attorney General, on brief), for appellee.

The circuit court dismissed an administrative appeal filed by E. Dean Christian on the

ground that he failed to name the Virginia Department of Social Services (VDSS) as a party in

his petition for appeal.  We hold that the petition sufficiently identified VDSS as a party.  For

this reason, we reverse the circuit court's dismissal order and remand this matter for further

proceedings on the merits.

I.

To administer child protective services in the Commonwealth, the General Assembly

delegates authority to VDSS, a state agency governed by a state board, Code § 63.2-215, and

also requires that there "shall be a local department of social services for each county or city

under the supervision and management of a local director."  Code § 63.2-324; see also 22 Va.

Admin. Code § 40-705-10 (defining "Department" and "local department").  The responsibility

to investigate complaints of child abuse and neglect rests primarily with the local departments.

See Code § 63.2-1503; 22 Va. Admin. Code § 40-705-50(B). Through the use of administrative hearing officers, VDSS reviews *de novo* any contested determination by a local department. See Code 63.2-1526(B); 22 Va. Admin. Code § 40-705-190(H).

In this case, the Fluvanna County Department of Social Services made an administrative finding that Christian physically abused his child. Christian requested and received an "informal conference" to dispute the finding. See Code § 63.2-1526(A); 22 Va. Admin. Code § 40-705-120(E). The local department reaffirmed its earlier decision. Christian then filed a petition with VDSS for a "formal hearing" by an administrative hearing officer. See Code 63.2-1526(B). The VDSS hearing officer affirmed the local department's findings in a decision entered on July 30, 2003. His written opinion used the caption "In the matter of E. Dean Christian."

Christian filed a timely appeal to the circuit court seeking judicial review pursuant to the Virginia Administrative Process Act (VAPA), Code § 2.2-4000, *et seq.* See Code 63.2-1526(B) (authorizing VAPA appeals of decisions of VDSS hearing officers). The caption of the petition for appeal tracked the one used in the VDSS administrative process. Styled "In the matter of E. Dean Christian, appellant," the caption identified the case number of the VDSS administrative proceeding and requested service on the "Commissioner" of the "Virginia Department of Social Services."

The text of the petition specifically identified the VDSS hearing officer by name and stated the order being appealed was the hearing officer's July 30, 2003 final order. The petition also named the "Fluvanna County Department of Social Services" as a "party to this suit." The petition complained about the final ruling of "the agency" and requested that it be set aside. The petition concluded with a certificate of service stating that a copy had been mailed both to the

"Commissioner of the Virginia Department of Social Services" and the "Department of Social Services of Fluvanna County."

After being served with process, VDSS filed a plea in bar seeking to dismiss the VAPA appeal. VDSS argued that Christian's petition for appeal identified the local department, but failed to make clear VDSS was likewise a party to the VAPA appeal. Because Rule 2A:4's mandatory thirty-day period following the notice of appeal had passed, VDSS reasoned, it could not be added to the petition by amendment.

In response, Christian argued that the petition identified VDSS as a party by specifically naming the VDSS hearing officer by name, using the VDSS caption of the case, requesting service on VDSS, and appealing the very decision (identified by complaint number and date of entry) issued by VDSS. If that were not enough, Christian argued in the alternative, he would still be entitled to amend the petition under Rule 1:8 to clarify any perceived ambiguities about whether VDSS was a party to the VAPA appeal. Finding neither of Christian's arguments persuasive, the circuit court dismissed the appeal.

Christian appeals to us, arguing that his petition for appeal was sufficient because VDSS lacks any real basis for claiming it had not been made a party to the VAPA appeal.

II.

When the VAPA authorizes judicial review, it must be conducted "in the manner provided by the rules of the Supreme Court of Virginia." Code § 2.2-4206. Within thirty days of filing a notice of appeal, an appellant must file a petition for appeal in the circuit court. "Such filing shall include all steps provided in Rules 2:2 and 2:3 to cause a copy of the petition to be served (as in the case of a bill of complaint in equity) on the agency secretary and on every other

party." Rule 2A:4(a).[1] In addition, Rule 2A:4(b) requires the petition to "designate the regulation or case decision appealed from, specify the errors assigned, state the reasons why the regulation or case decision is deemed to be unlawful and conclude with a specific statement of the relief requested." The thirty-day deadline implicates the circuit court's "jurisdiction over the subject of the appeal." State Water Control Bd. v. Crutchfield, 265 Va. 416, 423, 578 S.E.2d 762, 766 (2003); Va. Ret. Sys. v. Avery, 262 Va. 538, 542, 551 S.E.2d 612, 614 (2001); Sours v. Va. Bd. for Architects, 30 Va. App. 313, 318, 516 S.E.2d 712, 715 (1999) (holding that "the timely filing of a petition for appeal of an agency decision is jurisdictional").

In this case, VDSS does not contend Christian filed his petition out of time — but that it was fatally insufficient because it failed to identify, in so many words, VDSS *as a party*. We disagree. A fair reading of the petition alerted VDSS that it was being called upon, however obliquely, to respond to the appeal. This should have been reasonably apparent because the petition specifically:

- identified the decision of the VDSS hearing officer — a designee of the VDSS Commissioner[2] — as the agency ruling being appealed;

- requested, in the caption of the case, service on the VDSS Commissioner, a task only required to be done under Rule 2A:4(a) for parties;

- used the same style as the VDSS administrative caption of the case; and

- certified that it was being mailed to the Commissioner of the VDSS.

---

[1] It is better practice to identify all appellees by name in the caption of the case. By itself, however, the failure to do so does not require that the appeal be dismissed. See Williams Steel Erection Co. v. Dept. of Labor & Indus., 42 Va. App. 814, 821, 595 S.E.2d 45, 49 (2004).

[2] Code § 63.2-1526(B) authorizes the VDSS Commissioner to "designate and authorize one or more members of his staff to conduct [administrative] hearings." See also 22 Va. Admin. Code § 40-705-190(H)(1).

Given the unique statutory distribution of initial decisionmaking power to the local department and final authority to VDSS, the only administrative decision that could be appealed to the circuit court was the decision by the VDSS hearing officer. It takes little more effort to read the petition for appeal as necessarily identifying VDSS as the real party in interest. See generally Williams Steel Erection Co. v. Dept. of Labor & Indus., 42 Va. App. 814, 822, 595 S.E.2d 45, 49 (2004) (noting in parenthetical that "where an existing deficiency is one of form rather than substance, appellate jurisdiction will still be conferred if the notice fairly and accurately advises the successful party of the . . . appeal" (citation omitted)).

As a general rule, insubstantial defects in a timely filed appeal "should not be fatal where no genuine doubt exists about who is appealing, from what judgment, to which appellate court." Becker v. Montgomery, 532 U.S. 757, 767-68 (2001); see also Smith v. Barry, 502 U.S. 244, 245, 248-49 (1992). Thus, when a "litigant files papers in a fashion that is technically at variance with the letter of a procedural rule, a court may nonetheless find that the litigant has complied with the rule if the litigant's action is the functional equivalent of what the rule requires." Torres v. Oakland Scavenger Co., 487 U.S. 312, 316-17 (1988); see also Foman v. Davis, 371 U.S. 178, 181 (1962) (holding that, despite its "inept" draftsmanship, the appellant's intention to appeal the specific final order was "manifest").

That said, we do not hold that the mere mention of an agency anywhere in a VAPA petition, without more, necessarily makes it a party to the appeal. The natural pragmatism that accompanies principles of good pleading, as commendable as it may be, has its limits. In a VAPA appeal, an agency becomes a party only when identified in the petition *as a party to the appeal* — that is, where a reasonable reader would understand either from the petition's text or context or both that the agency is being mentioned not as a mere historical reference within the larger background of the case, but as the party against whom the appeal is being taken.

- 5 -

III.

Under the unique circumstances of this case, we hold Christian's petition sufficiently

identified VDSS as a party to this VAPA appeal. We reverse the circuit court's dismissal order

and remand the matter for further proceedings consistent with this opinion.[3]


<u>Reversed & remanded.</u>

---

[3] In the circuit court, Christian moved for leave to amend his petition in the event "it needs to be done" to ensure that the petition sufficiently identified VDSS as a party. The circuit court denied the motion. On appeal to us, Christian argues that, "assuming *arguendo*" his petition failed to identify VDSS as a party, the circuit court erred in refusing his proposed amendment. Because we hold the petition sufficiently identified VDSS as a party, we need not rule on this alternative argument.