COURT OF APPEALS OF VIRGINIA

Present: Judges Kelsey, Petty and Senior Judge Clements
Argued at Alexandria, Virginia

ROY SUDDUTH

MEMORANDUM OPINION[*]

v.     Record Nos. 2347-08-4 and                         PER CURIAM
                    2348-08-4                          OCTOBER 20, 2009

CITY OF ALEXANDRIA DEPARTMENT
  OF HUMAN SERVICES

FROM THE CIRCUIT COURT OF THE CITY OF ALEXANDRIA
Noland B. Dawkins, Judge

Roy Sudduth, *pro se*.

Noëlle L. Shaw-Bell, Assistant Attorney General
(William C. Mims, Attorney General; David E. Johnson,
Deputy Attorney General; Kim F. Piner, Senior Assistant
Attorney General, on brief), for appellee.


Roy Sudduth filed a *pro se* appeal to the circuit court from a decision of the Virginia

Department of Medical Assistance Services (DMAS), the state agency that administers the

federal Medicaid program in Virginia. The circuit court dismissed the appeal because of various

procedural defects, including the failure of Sudduth's petition for appeal to comply with Rule

2A:4(b). On this ground, we affirm.

The Virginia Administrative Process Act (VAPA), Code § 2.2-4025(B), authorizes

judicial review of "case decisions" involving Medicaid benefit denials. "When the VAPA

authorizes judicial review, it must be conducted 'in the manner provided by the rules of the

Supreme Court of Virginia.'" Christian v. Va. Dep't of Soc. Servs., 45 Va. App. 310, 314, 610

S.E.2d 870, 872 (2005) (quoting Code § 2.2-4206). Under Rule 2A:4(b), a petition for appeal

---
[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

"shall" identify the case decision appealed, "specify the errors" alleged, "state the reasons why the . . . case decision is deemed to be unlawful," and provide a "specific statement of the relief requested." See, e.g., Boone v. Harrison, 52 Va. App. 53, 63-64, 660 S.E.2d 704, 709 (2008) (enforcing Rule 2A:4(b)'s requirement that the petition "specify the errors"); J.P. v. Carter, 24 Va. App. 707, 719-20, 485 S.E.2d 162, 169 (1997).

Sudduth's petition for appeal claimed the Alexandria Department of Human Services (Alexandria DHS) made "substantial procedural errors" which deprived Sudduth of having a full and fair hearing on his application for Medicaid benefits. The petition, however, did not mention —much less specify — the errors claimed. The petition added that Alexandria DHS's findings of fact were "not based upon evidence in the record." But the petition did not identify which findings of fact were unsupported by the record. Finally, the petition asserted that Alexandria DHS "misconstrued or misapplied law to the findings of fact." Yet, once again, the petition did not identify any particular "law" misconstrued or misapplied by the agency.

Sudduth's indefinite allegations do not satisfy Rule 2A:4(b)'s requirements that the petition for appeal "specify the errors" alleged and "state the reasons" why the agency's case decision violated the law. No reasonable reading of the petition would place the agency on notice of the specific issues in controversy. For this reason, the circuit court did not err in dismissing the petition.[1]

On appeal, Sudduth also claims the circuit court rendered a decision against him at a hearing which he did not attend because he did not receive proper notice. We need not decide whether the record belies Sudduth's claim of inadequate notice because the court mooted the issue by granting his request to rehear the matter. Though Sudduth attended the reconsideration hearing, he finds fault with it too, claiming the court failed to provide visual-aid equipment in the

_____

[1] At no point, either before or after the circuit court's ruling, did Sudduth seek leave to amend his petition for appeal.

courtroom to accommodate his disability. We cannot decide the issue, however, because Sudduth did not provide a transcript of the hearing or a statement of facts either corroborating or disproving his assertion, see Rule 5A:8(b); Anderson v. Commonwealth, 13 Va. App. 506, 508-09, 413 S.E.2d 75, 76-77 (1992), and no order addressed Sudduth's request for an accommodation for his visual disability.

Given our ruling, we need not address the various alternative grounds offered on appeal for affirming the circuit court's dismissal order.[2] "In this case, as in all others, we seek to decide cases 'on the best and narrowest ground available' from the record." Biddison v. Va. Marine Res. Comm'n, 54 Va. App. 521, 531, 680 S.E.2d 343, 348 (2009) (citation omitted).

Affirmed.

---

[2] In the circuit court, DMAS argued that (i) Sudduth's notice of appeal from the DMAS hearing officer's decision failed to identify DMAS, an indispensable party, as an appellee and incorrectly identified Alexandria DHS as an appellee, and (ii) the notice of appeal to the circuit court did not comply with Rule 2A:2's specificity requirements. DMAS added that, in any event, the administrative record amply supported the agency's decision. Alexandria DHS also argued it had been improperly named as an appellee. Under VAPA, courts have no authority to review decisions made solely by *municipal* agencies. See Code § 2.2-4002(A)(5); Fauquier County v. Robinson, 20 Va. App. 142, 153, 455 S.E.2d 734, 739 (1995).

We note that both of Sudduth's notices of appeal to our Court identify the appellee as "City of Alexandria Department of Human Services," a department of the City of Alexandria. See Alexandria Charter § 2-3-1(3). Neither notice of appeal identifies DMAS as an appellee. Cf. Ghameshlouy v. Commonwealth, 54 Va. App. 47, 675 S.E.2d 854 (2009), appeal granted, No. 091120 (Va. Sept. 11, 2009); Roberson v. City of Virginia Beach, 53 Va. App. 666, 674 S.E.2d 569 (2009), appeal granted, No. 091299 (Va. Sept. 11, 2009).