COURT OF APPEALS OF VIRGINIA

Present:   Judges Kelsey, McClanahan and Haley
Argued by teleconference


JAMES SHERMAN

MEMORANDUM OPINION[*] BY
v.        Record No. 2002-09-1          JUDGE ELIZABETH A. McCLANAHAN
                                        AUGUST 3, 2010
VIRGINIA DEPARTMENT OF SOCIAL SERVICES


FROM THE CIRCUIT COURT OF THE CITY OF WILLIAMSBURG
AND COUNTY OF JAMES CITY
Samuel T. Powell, III, Judge

Charles E. Haden for appellant.

Allen T. Wilson, Senior Assistant Attorney General (Kenneth T.
Cuccinelli, II, Attorney General; David E. Johnson, Deputy Attorney
General; Kim F. Piner, Senior Assistant Attorney General, on brief),
for appellee.


James Sherman appeals from a final order of the circuit court upholding an administrative

hearing officer's decision sustaining a disposition of sexual abuse made by the James City County

Department of Human Services (the local department). Sherman argues (1) there was not

substantial evidence in the record to support the finding of sexual abuse, (2) the local department's

failure to document its reason for extending its investigation from 45 days to 60 days was a

violation of required procedure that constituted reversible error, (3) the local department's failure to

give Sherman a transcript of the victim's recorded interviews prior to the informal conference was a

violation of required procedure that constituted reversible error, and (4) the participation of counsel

for the local department at the informal conference was a violation of required procedure that

_____

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

constituted reversible error.  Finding Sherman's arguments without merit, we affirm the circuit court.

## I.  BACKGROUND

"To administer child protective services in the Commonwealth, the General Assembly delegates authority to VDSS, a state agency governed by a state board, Code § 63.2-215, and also requires that there 'shall be a local department of social services for each county or city under the supervision and management of a local director.  Code § 63.2-324.'"  Christian v. Virginia Department of Social Services, 45 Va. App. 310, 312, 610 S.E.2d 870, 871 (2005). "Through the use of administrative hearing officers, VDSS reviews *de novo* any contested determination by a local department.  See Code § 63.2-1526(B); 22 Va. Admin. Code § 40-705-190(H)."  Id.  On appeal from a decision of VDSS, "[t]he reviewing court will view 'the facts in the light most favorable to sustaining the [agency's] action,' and 'take due account of the presumption of official regularity, the experience and specialized competence of the agency, and the purposes of the basic law under which the agency has acted.'"  Jones v. West, 46 Va. App. 309, 323, 616 S.E.2d 790, 797 (2005) (quoting Atkinson v. Virginia Alcohol Beverage Control Comm'n, 1 Va. App. 172, 176, 336 S.E.2d 527, 530 (1985); Code § 2.2-4027).

The local department received a complaint alleging that J.S., sixteen years old at the time of the investigation, may have been sexually abused by her father, James Sherman.  A local department investigator, Tina Sawyer, and a James City County Police Department investigator, Gennie Smith, met with J.S. on February 26, 2007, at her school.  During this interview, which was recorded,[1] J.S. repeatedly denied the abuse.  Sawyer and Smith then met with a friend of J.S. to whom J.S. had told of the abuse.  According to the friend, J.S. did not want to admit the abuse

---

[1] Except under certain stated circumstances, the local department is required to audio tape all interviews of the alleged victim.  22 VAC 40-705-80(B)(1).

because she did not want to break up her family. Sawyer and Smith then brought J.S. back to the interview room, and after the friend encouraged J.S. to tell the truth so her family could get help, J.S. admitted Sherman began abusing her after she returned from Florida in the summer of 2005.[2] According to J.S., Sherman would come into her room at night with a pillow, put the pillow on the floor, kneel down beside the bed, and touch her vagina. This occurred five to ten times. Usually, J.S. would pretend to be sleeping but on one occasion, when Sherman "took it too far" by putting his fingers in her, she confronted Sherman who apologized and promised to stop. The abuse ceased approximately three months before the investigation because the maternal grandmother moved in with the family at that time and was staying in J.S.'s bedroom.

When interviewed that day by Sawyer, Sherman denied abusing J.S. Although Sherman initially agreed to take a polygraph exam, he obtained counsel and did not speak with Sawyer again. Later that day, J.S.'s mother (Mrs. Sherman) advised Sawyer that J.S. recanted the story, claiming that J.S. lied to her friends about the abuse because she was angry with Sherman. On February 28, Mrs. Sherman reported to Sawyer that J.S. was "sticking with" the recantation. Thereafter, Mrs. Sherman became increasingly uncooperative and continued to express her opinion that J.S. was lying about the abuse. Mrs. Sherman also demanded that no one from the local department be allowed to speak to J.S. while she was at school.[3]

On March 12, J.S. and Mrs. Sherman gave sworn statements to Sherman's attorney at his office. In those statements, J.S. denied the abuse and both J.S. and Mrs. Sherman denied that J.S. had been pressured to recant her allegations. On March 14 and 15, the local department obtained

---

[2] J.S. said that while visiting relatives in Florida, her uncle touched her vagina and tried to put his hands in her clothes. She informed her parents who arranged for her to be brought home immediately. According to J.S., the abuse by Sherman began approximately a month later.

[3] In fact, the local department sought and obtained an order prohibiting Mrs. Sherman from interfering with its investigation.

written statements from several friends of J.S., all of whom provided details of the abuse J.S. described to them. On April 11, Sawyer notified Sherman in writing that the local department was extending the time frame for its investigation from 45 to 60 days. On April 24, the local department concluded the complaint was founded for Level 1, sexual abuse.[4] On May 7, Sherman filed a notice of appeal and request for an informal conference.[5] The appeal process was stayed during the pendency of related criminal proceedings. See Code § 63.2-1526(C).

Subsequent to the disposition made by the local department, J.S. gave a statement to police confirming the abuse, and Sherman was arrested and charged with criminal offenses arising out of his alleged abuse of J.S. A preliminary hearing was held on September 14, 2007.[6] J.S. testified that during 2005 and 2006, Sherman sexually assaulted her in her bedroom. According to J.S., Sherman would massage her legs in the evening because she got muscle cramps from running track and Sherman began massaging too closely to her "private area" and eventually began touching her inside of her underwear including inside her vagina. J.S. was cross-examined by Sherman about her initial interview with Sawyer denying the abuse and her sworn statement made in the office of Sherman's counsel. The trial court found probable cause to support charges of animate object penetration, aggravated sexual battery, and indecent liberties. All charges were later dismissed or *nolle prosequied*.

---

[4] A Level 1 finding of sexual abuse requires that the accuser's name be retained in the central registry for eighteen years past the date of the complaint. 22 VAC 40-700-30.

[5] Code § 63.2-1526(A) provides that a person who is found to have committed abuse may, within thirty days of being notified of that determination, request that VDSS amend the determination and related records. "The local department shall hold an informal conference or consultation where such person, who may be represented by counsel, shall be entitled to informally present testimony of witnesses, documents, factual data, arguments or other submissions of proof to the local department." Code § 63.2-1526(A).

[6] A transcript from the preliminary hearing was made part of the administrative record.

At the conclusion of the criminal proceedings, Sherman notified the local department he was ready to proceed with his appeal. An informal conference was held on March 20, and on March 28, appellant was informed the disposition was sustained. Sherman noted his appeal to the VDSS, and an administrative hearing was held on October 20, 2008, before administrative hearing officer, Nicholas R. Foster.[7] Sawyer testified regarding her investigation, including her interviews with J.S. and friends of J.S., contacts with Mrs. Sherman, and her interview of Sherman. Sawyer testified the reason for extending the investigation from 45 days to 60 days was to keep the investigation open to continue gathering information and to continue efforts to obtain a polygraph or written statement from Sherman. Sawyer denied extending the investigation because J.S. recanted her allegations in the sworn statement given to Sherman's counsel. When challenged by Sherman on this point, the hearing officer specifically noted that Sawyer had already testified the extension was not obtained for this reason.

Elizabeth Kampfe, J.S.'s therapist, testified regarding her counseling sessions with J.S. On the initial visit, Mrs. Sherman told Kampfe J.S. had made allegations against Sherman, that J.S. had a problem with lying, and Mrs. Sherman's goal in counseling was to make J.S. understand that lying has consequences. Although J.S. initially denied the abuse occurred, during the course of these sessions, J.S. admitted and described the abuse to Kampfe. She told Kampfe that when she made the sworn statement denying the abuse, she felt pressured by her parents and her parents told her if she would say nothing happened, they would allow her to get

---

[7] Pursuant to Code § 63.2-1526(A), if the department refuses the request for amendment, the accused may

> petition the Commissioner, who shall grant a hearing to determine whether it appears, by a preponderance of the evidence, that the determination or record contains information which is irrelevant or inaccurate regarding the commission of abuse or neglect by the person who is the subject of the determination or record and therefore shall be amended.

her driver's license.  Kampfe testified that Sherman asked her to write a letter stating he had been victimized by social services, which Kampfe refused to do.  Kampfe also testified Mrs. Sherman continued to believe J.S. was lying and was the cause of all the family problems.  Kampfe explained that Mrs. Sherman had overtly conveyed those feelings to the other children making the home a very toxic environment for J.S. who felt guilty for the discord and had become clinically depressed.

By opinion issued December 11, 2008, the hearing officer sustained the disposition of "Sexual Abuse – Sexual Molestation – Level One."  On appeal, the circuit court upheld the disposition.

## II.  ANALYSIS

### A.  Standard of Review

"As outlined in Code § 63.2-1526(B), the Administrative Process Act (APA), Code §§ 2.2-4000 to 2.2-4033, governs judicial review when DSS makes a disposition of founded child abuse."  Commissioner v. Fulton, 55 Va. App. 69, 79, 683 S.E.2d 837, 842 (2009).[8]  As such, the burden is on the appellant "to designate and demonstrate an error of law subject to review by the court."  Code § 2.2-4027.  Such errors of law include "observance of required procedure where any failure therein is not mere harmless error"[9] and "the substantiality of the evidentiary support for findings of fact."  Code § 2.2-4027.

---

[8] "'Founded' means that a review of the facts shows by a preponderance of the evidence that child abuse and/or neglect has occurred."  22 VAC 40-705-10.

[9] Sherman assumes that any procedural violations that are not harmless error would necessarily result in dismissal of the complaint of sexual abuse against him, see Jones, 46 Va. App. at 331, 616 S.E.2d at 802.  Although the majority panel in Jones decided dismissal was an appropriate remedy under the facts of that case, we do not agree an assumption can be made that dismissal is appropriate in all cases in which procedural violations are found not mere harmless error.  Nevertheless, our holding makes it unnecessary to reach this issue.

B.  Substantial Evidence to Support Findings of Administrative Hearing Officer

Sherman argues the circuit court erred in concluding there was substantial evidence to support the finding of sexual abuse because J.S. was not a credible witness.

The hearing officer found "a preponderance of evidence exists to substantiate the agency's disposition of sexual abuse in this case."  The hearing officer explained,

> [J.S.'s] allegations remained consistent and credible.  [J.S.'s] friends at school corroborated her earlier disclosures and [J.S.'s] counselor confirmed that [J.S.], despite an initial recantation, maintained that she had been molested by [Sherman]. Furthermore, [J.S.] testified under oath, at [Sherman's] preliminary hearing that she had, in fact, been molested.  Her testimony is replete with factual and sensory details which are hallmarks of truthfulness.  Additionally, her statement, among other things, that the abuse commenced after she disclosed sexual abuse at the hands of another family member and ceased when the sleeping arrangements in the home changed, give her account the air of authenticity that [Sherman's] denial lacks.

The hearing officer further explained that

> [c]ontrary to her testimony and statement to the worker, [J.S.'s] "sworn statement," made at the office of [Sherman's] attorney, outside the presence of the attorney who had been consulted on her behalf, and in the presence of her mother who never expressed that she believed [J.S.], has none of the indicia of truthfulness noted above.

The hearing officer found the sworn statement "has no value as it was clearly made under pressure from [J.S.'s] family and for the sole purpose of exonerating [Sherman]."

The Administrative Process Act, Code § 2.2-4000 *et seq.*, provides that "the duty of the court with respect to issues of fact shall be limited to ascertaining whether there was substantial evidence in the agency record upon which the agency as the trier of the facts could reasonably find them to be as it did."  Code § 2.2-4027.  As such, "the circuit court's role in an appeal from an agency decision is equivalent to an appellate court's role in an appeal from a trial court." School Bd. v. Nicely, 12 Va. App. 1051, 1062, 408 S.E.2d 545, 551 (1991).  In determining

- 7 -

whether there is substantial evidence to support the finding of sexual abuse, the circuit court "may reject the agency's findings of fact only if, considering the record as a whole, a reasonable mind would necessarily come to a different conclusion. It is not the [circuit] court's role to determine the credibility of the witnesses." Fulton, 55 Va. App. at 79, 683 S.E.2d at 842. Indeed witness credibility determinations should not be disturbed on appeal unless the testimony is "inherently incredible, or so contrary to human experience as to render it unworthy of belief." Fisher v. Commonwealth, 228 Va. 296, 299-300, 321 S.E.2d 202, 204 (1984). In this case, the hearing officer found the allegations of sexual abuse to be "consistent and credible" and further found the sworn statement made to Sherman's attorney had "no value" as having been the product of pressure placed on J.S. by her family. "Based on the evidence in the record, it cannot be said that after reviewing the record as a whole a reasonable mind would inevitably or unavoidably determine that [J.S.'s] allegations are false." Fulton, 55 Va. App. at 80, 683 S.E.2d at 842. Accordingly, the circuit court did not err in finding substantial evidence in the record to support the hearing officer's finding of sexual abuse.

### C. Failure to Document Justification for Fifteen-Day Extension of Investigation

Sherman contends the circuit court erred in affirming the hearing officer's determination of sexual abuse because the local department's failure to document its reason for extending the investigation from 45 days to 60 days was a violation of required procedure that constituted reversible error.[10] Specifically, he alleges the department obtained the extension in an effort to convince J.S. to change her "story" regarding the abuse allegations.[11]

---

[10] See, e.g., Carter v. Ancel, 28 Va. App. 76, 502 S.E.2d 149 (1998) (appellant must allege harm resulting from local department's failure to document reason for extension.)

[11] Sherman does not claim that the local department's failure to document the justification for the extension affected Sherman's ability to prepare for or present evidence at the administrative hearing, that it deprived the hearing officer of evidence relevant to its determination, or otherwise "could have had a significant impact on the ultimate decision so as to

When the local department responds to a complaint, it should

> [d]etermine within 45 days if a report of abuse or neglect is founded or unfounded and transmit a report to such effect to the Department and to the person who is the subject of the investigation. However, upon written justification by DSS, such determination may be extended, not to exceed a total of 60 days.

Code § 63.2-1505(B)(5). "DSS shall promptly notify the alleged abuser . . . of any extension of the deadline for the completion of the . . . investigation pursuant to . . . subdivision 5 of § 63.2-1505." 22 VAC 40-705-120(A). In addition, "[t]he child protective services worker shall document the notifications and the reason for the need for additional time in the case record." Id.

VDSS complied with Code § 63.2-1505(B)(5) in notifying Sherman of the extension for completion of its investigation, but there is no evidence that the reason for the extension was documented pursuant to 22 VAC 40-705-120(A). At the administrative hearing, Sawyer testified the reason for extending the investigation was to continue gathering information and the department's efforts to obtain a polygraph or written statement from Sherman. The hearing officer found the department was well within its providence to extend the investigation to 60 days, noting the department was still collecting information including a potential secondary statement by Sherman. He further found that while the reasons were not documented in the record, in derogation of 22 VAC 40-705-120(A), the error was harmless.

Although Sherman argues the local department was able to persuade J.S. to change her "story" during the 15-day extension period, there is no evidence in the record to support this allegation, which was expressly denied by Sawyer.[12] In fact, there is no evidence the department

---

undermine the 'substantiality of the evidential support' for the factual findings." Jones, 46 Va. App. at 327, 616 S.E.2d at 799.

[12] Sherman's contention is also inherently flawed in at least two respects. First, his argument presumes to know J.S.'s state of mind at the time the local department extended its investigation such that J.S. would have denied the abuse. Furthermore, even if Sherman could prove J.S. changed her mind during the extension period, the alleged violation of failing to

had any contact with J.S. during this period.  Therefore, assuming without deciding the local department violated required procedure in failing to document the reason for its extension,[13] Sherman's underlying contention that the local department convinced J.S. to change her "story" during the extension period has no basis in fact.  Thus, he failed to demonstrate a reversible error.  Code § 2.2-4027.

### D.  Failure to Provide Copies of Digital Recordings of J.S.'s Interviews Prior to Informal Conference

Sherman contends the circuit court erred in affirming the hearing officer's determination of sexual abuse because the local department's failure to provide him with copies of the digital recordings of J.S.'s interviews prior to the informal conference was a violation of required procedure that constituted reversible error.  Specifically, Sherman claims he was not prepared to address the allegations against him at the informal conference.

Prior to the informal conference, the local department made its case record available to Sherman.[14]  Included in its record were detailed summaries of the interviews of J.S., including specifically quoted statements from J.S.  When Sherman indicated at the informal conference that he had not been provided with the transcripts of these interviews or copies of the recordings,

---

document the reason for the extension could not have caused the harm Sherman claims to have suffered – J.S.'s supposed change of mind.  To the extent an argument could be made that the failure to document the reason for the extension deprived the department of the authority to extend the investigation, Sherman has not articulated such an argument, and we express no opinion on its validity.

[13] See Luginbyhl v. Commonwealth, 48 Va. App. 58, 64, 628 S.E.2d 74, 77 (2006) ("an appellate court decides cases 'on the best and narrowest ground available'" (quoting Air Courier Conference v. Am. Postal Workers Union, 498 U.S. 517, 531 (1991) (Stevens, J. concurring))).

[14] After the accused seeks an amendment to the local department's determination and its records, "[u]pon written request, the local department shall provide the appellant all information used in making its determination."  Code § 63.2-1526(A).  Furthermore, "[t]he appellant shall be informed of the procedure by which information will be made available or withheld from him." 22 VAC 40-705-190(G)(6).

Sawyer testified that it was not standard policy of the department to transcribe the interviews but that she would provide him with copies of the recordings if he wanted.[15]  Although Sherman did not accept the offer during the informal conference, the local department provided copies of the recordings to Sherman after the conference and prior to the administrative hearing.  The hearing officer found that the failure to provide the recordings prior to the conference was not error since appellant was provided with them "well in advance of the state administrative appeal."[16]

Assuming without deciding the local department violated required procedure in failing to provide copies of the recorded interviews prior to the local conference, we agree Sherman did not demonstrate reversible error.  Code § 2.2-4027.  First, there is no evidence in the record to substantiate Sherman's claim that he was unable to adequately address the allegations against him at the informal conference.  Although Sherman contends he first learned of the digital recordings at the informal conference, the summaries clearly indicated the interviews were recorded.  The dispositional assessment also stated the interviews with J.S. were recorded.  All of these documents were part of the record turned over to Sherman by the local department prior to the informal conference.  Furthermore, even if we accept Sherman's claim that he was unaware of the recordings, he was entitled to request a continuance of the conference upon learning of the recordings, 22 VAC 40-705-190(E), which he did not do, preferring instead to use this point for argument.  Moreover, a review of the record fails to reveal any material differences between the

---

[15] During Sawyer's examination by Sherman's counsel, she asked him if he was requesting copies of the recordings but Sherman's counsel did not respond to this question. Again during the hearing, Sawyer offered to "burn copies if [Sherman's counsel] wants to meet." The hearing officer asked:  "And are you requesting that or is that – are you just clarifying whether that's available."  Sherman's counsel replied that he would just "save that for argument."  Later in the hearing the department counsel reiterated twice that the digital recordings would be made available if Sherman's counsel wanted them.

[16] Although the record does not indicate the date the recordings were provided to Sherman, Sherman has not challenged the hearing officer's finding that they were provided "well in advance" of the hearing.

information in the interviews and the information in the summaries to validate Sherman's claim

that he was unprepared, without the recordings, to respond to the allegations made against him

by J.S.[17]  Finally and most significantly, as the hearing officer found, Sherman had copies of the

interview transcripts "well before" the administrative hearing.  Since the administrative hearing

is *de novo*, Christian, 45 Va. App. at 312, 610 S.E.2d at 871, the findings of fact reviewed by the

circuit court and this Court are the findings made by the hearing officer, not the findings made in

the informal conference.[18]  Thus, Sherman's argument is not relevant to an analysis of whether

there was an error that "could have had a significant impact on the ultimate decision [of the

hearing officer]."  Jones, 46 Va. App. at 327, 616 S.E.2d at 799.[19]

> E.  Participation of Counsel for the Local Department at the Informal Conference

Sherman contends the circuit court erred in affirming the hearing officer's determination

of sexual abuse because the participation of local department's counsel at the informal

conference was a violation of required procedure that constituted reversible error.

Code § 63.2-1526(A) provides that the accused may be represented by counsel at the

informal conference.  And 22 VAC 40-705-190 states that both the accused and the department

may be represented by counsel at the administrative hearing.  Appellant contends that because

---

[17] The only specific argument Sherman makes is that he was not able to argue at the informal conference that J.S. denied the abuse at least 19 times in her initial interview because the summary only reflected repeated denials (without designating a specific number).  We fail to see how the distinction between "19 denials" and "repeated denials" hampered Sherman's ability to address the allegations at the informal conference.

[18] The purpose of the informal conference is "to examine the local department's disposition and reasons for it and consider additional information about the investigation and disposition presented by the alleged abuser."  22 VAC 40-705-120(E)(1); 22 VAC 40-705-190(B).

[19] Though Sherman claims he might have prevailed at the informal conference had the recordings been available to him, rendering the administrative hearing unnecessary, this claim is purely speculative.

the Code states the accused is entitled to be represented by counsel at the informal conference but contains no such provision for the local department, the intent to exclude department counsel from the informal conference must be inferred. While we find this argument, on its face, without merit, Sherman has not alleged how he was harmed, or even that he was harmed, by such alleged error. We further note, again, that because the administrative hearing was a *de novo* hearing, Sherman's complaint regarding participation of local department counsel at the informal conference is not relevant to an analysis of whether there was an error that "could have had a significant impact on the ultimate decision [of the hearing officer]." Jones, 46 Va. App. at 327, 616 S.E.2d at 799. Therefore, assuming without deciding the participation of counsel for the local department violated required procedure, Sherman has failed to demonstrate reversible error. Code § 2.2-4027.

For the foregoing reasons, we affirm the judgment of the circuit court.

Affirmed.