PRESENT: All the Justices

BOASSO AMERICA CORPORATION, d/b/a
GREENSVILLE TRANSPORT CO.

v.  Record No. 160202

OPINION BY
JUSTICE STEPHEN R. McCULLOUGH
March 2, 2017

ZONING ADMINISTRATOR OF THE
CITY OF CHESAPEAKE, ET AL.

FROM THE CIRCUIT COURT OF THE CITY OF CHESAPEAKE
Timothy S. Wright, Judge

This appeal calls upon us to construe Code § 15.2-2314, which governs appeals from a board of zoning appeals to a circuit court. We conclude that to initiate a proceeding under Code § 15.2-2314, a litigant must name the local governing body as a necessary party in the petition, and the litigant must do so within the 30-day window provided by Code § 15.2-2314. We further hold that a litigant may not amend the petition after the 30-day period to belatedly add the local governing body. Accordingly, we affirm the judgment of the circuit court, which dismissed a petition for writ of certiorari for failure to name the local governing body in the petition and denied leave to amend after the 30-day period had expired.

BACKGROUND

Following an adverse decision by the Zoning Administrator for the City of Chesapeake, Boasso America Corporation appealed to the Board of Zoning Appeals. *See* Code § 15.2-2311. Because the Board of Zoning Appeals was equally divided, the split vote resulted in affirmance of the Zoning Administrator's decision. The Board of Zoning Appeals made its decision on April 23, 2015. Boasso next sought to appeal the decision of the Board of Zoning Appeals by filing a petition for writ of certiorari. It did so on May 21, 2015, in the Circuit Court for the City of Chesapeake. As required by the first paragraph of Code § 15.2-2314, the petition was styled:

IN RE:  April 23, 2015, Decision of the Board of Zoning Appeals
for the City of Chesapeake, Virginia.

The petition did not identify the City Council for the City of Chesapeake as a party.

On June 30, 2015, the Zoning Administrator moved to dismiss the petition on the ground that Boasso had "failed to timely name or serve the City Council for the City of Chesapeake, a necessary party by statute."  In response, Boasso moved to "amend/clarify as to additional parties" and averred that on July 1, 2015, Boasso requested that a summons be issued for service of the petition on the City Council and the City Attorney for the City of Chesapeake, and that service was made on both on July 9, 2015.  Boasso contended that under Rules 1:8, 3:12, and 3:16, the trial court could grant leave to amend to include these additional parties.  Boasso also filed an amended petition for a writ of certiorari, which stated that "[p]ursuant to Code of Virginia § 15.2-2314, necessary parties to this case are, in addition to Petitioner, the City of Chesapeake City Council, as a Defendant-Respondent, and the landowners of the Property, as interested parties."

In response, the Acting City Clerk, on behalf of the Mayor, moved to quash service of process and filed a plea in bar contending that the failure to name or serve the City Council within 30 days of the decision of the Board of Zoning Appeals was fatal to the petition.  Boasso opposed the motion.  The circuit court agreed with the Acting City Clerk and the Mayor.  The court concluded that Boasso's failure to name in the petition all necessary parties in accordance with Code § 15.2-2314 was indeed fatal to the petition.  The court dismissed Boasso's petition with prejudice, and we thereafter granted this appeal.

ANALYSIS

This case presents a question of statutory interpretation, which we review de novo on appeal.  *Renkey v. County Board*, 272 Va. 369, 373, 634 S.E.2d 352, 355 (2006).  In construing a

2

statute, "[o]ur central focus is to ascertain and give effect to the intention of the General Assembly." *Miller v. Highland County*, 274 Va. 355, 364, 650 S.E.2d 532, 535 (2007). "We determine that legislative intent from the words used in the statute." *Id.*

A litigant must follow a number of formal requirements when appealing from one adjudicative body to another. These requirements vary based on the type of proceeding. For example, appeals to this Court are instituted by filing a notice of appeal pursuant to Rule 5:9. Code § 15.2-2314 governs appeals from the decision of a board of zoning appeals to a circuit court. To institute a proceeding under Code § 15.2-2314, a litigant must file a petition for a writ of certiorari with the clerk of the circuit court. The petition must be filed within 30 days of the decision of the board of zoning appeals, and it must specify the grounds upon which the petitioner is aggrieved. Code § 15.2-2314.[1]

We held, under a predecessor version of Code § 15.2-2314, that to institute such a proceeding, a petitioner must file a "proper petition" within the prescribed time period. *Board of Supervisors v. Board of Zoning Appeals*, 225 Va. 235, 238, 302 S.E.2d 19, 21 (1983). Under this prior version of the statute, we identified the Board of Zoning Appeals as the only necessary party contemplated by the statute at the petition filing stage. *Id.*

In 2010, the General Assembly amended Code § 15.2-2314 to state that the petition for a writ of certiorari "shall be styled 'In Re: [date] Decision of the Board of Zoning Appeals of [locality name].'" 2010 Acts ch. 241. The General Assembly also added this paragraph, presently the third paragraph of the statute:

---

[1] We note parenthetically our decision in *West Lewinsville Heights Citizens Ass'n v. Board of Supervisors*, 270 Va. 259, 267, 618 S.E.2d 311, 315 (2005), in which we held that the date that triggers the 30-day filing requirement under Code § 15.2-2314 is the date of the final decision of the Board of Zoning Appeals, not an official "filing date" under a Board of Zoning Appeals' bylaws.

3

Any review of a decision of the board [of zoning appeals] shall not be considered an action against the board and the board [of zoning appeals] shall not be a party to the proceedings; however, the board shall participate in the proceedings to the extent required by this section. The governing body, the landowner, and the applicant before the board of zoning appeals shall be necessary parties to the proceedings in the circuit court. The court may permit intervention by any other person or persons jointly or severally aggrieved by any decision of the board of zoning appeals.

Although the amendment makes clear that the governing body of a locality is a necessary party, it does not specify whether or how that necessary party must be identified in the petition.

We examined the impact of the 2010 amendments in *Frace v. Johnson*, 289 Va. 198, 200, 768 S.E.2d 427, 429 (2015). We concluded that to properly institute an action under Code § 15.2-2314, the governing body of a locality, in that instance, the County Board of Supervisors, is a necessary party to the proceeding. *Id.* at 201, 768 S.E.2d at 430. A litigant who appeals under Code § 15.2-2314 "must give timely notice to the necessary parties identified by statute." *Id.* The only difference between the present case and *Frace* is that Boasso formally asked the circuit court to permit it to amend its petition for a writ of certiorari to list the governing body, whereas the petitioner in *Frace*, although arguing that the circuit court could grant leave to amend, did not actually move for leave to amend her petition in the circuit court. Boasso argues that this difference is critical, and that it should have been granted leave to amend its petition after the 30-day period had expired. We disagree.

The requirements for filing a petition to appeal the decision of a board of zoning appeals are controlled by the specific provisions of Code § 15.2-2314 and by our decisions interpreting this statute, rather than default rules that apply to the initiation of ordinary actions. In *Frace,* we held that the petition must identify the local governing body in the petition in order to institute a proceeding under Code § 15.2-2314, and that it must do so in the 30-day period specified by the

4

statute. 289 Va. at 201, 768 S.E.2d at 430. We concluded in *Frace* that "the circuit court did not err when it dismissed the certiorari proceeding because the petitioner failed to timely name the Board of Supervisors of Fairfax County as a party." 289 Va. at 198, 768 S.E.2d at 428.

Our decision in *Miller,* 274 Va. at 367, 650 S.E.2d at 537, is consistent with the understanding that Code § 15.2-2314 requires that the local governing body be named as a necessary party in the petition and that a court lacks the discretion to allow the filing of an amended petition when the petition does not so name the local governing body. *Miller* involved a different but similar statute, Code § 15.2-2285(F). Code § 15.2-2285(F) governs appeals of certain zoning matters. It provides in relevant part:

> Every action contesting a decision of the local governing body adopting or failing to adopt a proposed zoning ordinance or amendment thereto or granting or failing to grant a special exception shall be filed within thirty days of the decision with the circuit court having jurisdiction of the land affected by the decision.

The litigants in *Miller* filed a complaint under Code § 15.2-2285(F) naming Highland County – not the Board of Supervisors of Highland County. We explained that there is a difference in the law between naming a locality and naming the governing body of a locality. We stated that the local governing body "is a required party defendant against whom suit must be initiated within the time limit specified in the statute." *Id.* at 367, 650 S.E.2d at 537. The failure to timely name a necessary party in the complaint, we concluded, required dismissal. *Id.* We also rejected the petitioner's argument that the Board of Supervisors could be added as a party after the 30-day period had run. *Id.*

Like the litigants in *Miller*, Boasso failed to name the local governing body as a necessary party within the 30 days specified by statute and, accordingly, failed to properly institute a proceeding under Code § 15.2-2314. Boasso's position is that it should be allowed

5

leave to amend under the Rules of Court to add the governing body. This view would effectively stretch the 30-day period specified by Code § 15.2-2314 to institute a proceeding into a far lengthier period. This position cannot be squared with legislative intent manifested by the language of Code § 15.2-2314. By the time a petition for a writ of certiorari is filed under Code § 15.2-2314, the Zoning Administrator has rendered a decision, as has the Board of Zoning Appeals. In addition to the 30-day window, Code § 15.2-2314 specifies that the default period for the board of zoning appeals to issue its return to the writ of certiorari is a relatively short 10 days. The statute does not evince a legislative intent to further extend an already lengthy review process.

The text of Code § 15.2-2314, when read through the prism of our precedent, leads us to conclude that the local governing body that is expressly identified in this section as a necessary party must be included in the petition within 30 days of the final decision of the board of zoning appeals, not at some undefined future date by amendment to the petition. Code § 15.2-2314 specifies that "[t]he governing body" of a locality is a "necessary part[y] to the proceedings in the circuit court." The "proceedings" begin with the timely filing of the petition for a writ of certiorari. We agree with the circuit court that to initiate a proceeding, Boasso was required to give notice to the Chesapeake City Council, a necessary party, by identifying it as a party in the petition.[2] We further conclude that the trial court correctly determined that it could not grant leave to amend to add a necessary party after the expiration of the 30-day period.[3]

---

[2] Code § 15.2-2314 also identifies the landowner as a necessary party. The landowner's initial absence from the petition for a writ of certiorari is not an issue in this case.

[3] *Additional* necessary parties, beyond the necessary parties specifically identified in the statute, can be added after the filing of a proper petition under Code § 15.2-2314. *Friends of Clark Mount. Found. v. Board of Supervisors*, 242 Va. 16, 21, 406 S.E.2d 19, 22 (1991).

Boasso correctly notes that a failure to give timely notice to a governing body is not a defect that implicates the circuit court's subject matter jurisdiction. As a consequence, defects in the institution of a proceeding under Code § 15.2-2314, such as the failure to name a necessary party, are subject to waiver.[4] *Frace*, 289 Va. at 202, 768 S.E.2d at 430. *Cf. Board of Supervisors*, 271 Va. at 343-44, 347-48, 626 S.E.2d at 378-79, 381 (failure to file the petition for a writ of certiorari within the required 30 days was not a defect of subject matter jurisdiction and, consequently, could be waived if not timely raised). Nevertheless, the failure to name the governing body as a necessary party within the 30-day window contemplated by Code § 15.2-2314 remains a defect and, when timely raised (as it was here), requires dismissal of the petition.

Compliance with this requirement does not impose a heavy burden on the petitioner. The petitioner can name the governing body in a separate heading or caption or name it in the body of the petition, so long as "a reasonable reader would understand either from the petition's text or context or both that the [necessary party] is being mentioned not as a mere historical reference within the larger background of the case, but as the party against whom the appeal is being taken." *Christian v. Virginia Dep't of Soc. Servs.*, 45 Va. App. 310, 316, 610 S.E.2d 870, 873 (2005); *see also Frace*, 289 Va. at 202, 768 S.E.2d at 430.[5]

---

[4] For this reason, *State Water Control Board v. Crutchfield*, 265 Va. 416, 578 S.E.2d 762 (2003) does not aid Boasso. Assuming that Code § 15.2-2314 can be analogized to the rules at issue in *Crutchfield*, the local governing body in that case (a county) did not object to being added to the petition for appeal after the expiration of the 30-day period specified by Rules 2A:2 and 2A:4. *Id.* at 425, 578 S.E.2d at 766. Here, however, the local governing body (the City Council) does object.

[5] This case does not call upon us to resolve *when* the petition for a writ of certiorari must be served upon the necessary parties identified in Code § 15.2-2314.

Nor are these requirements empty formalities. A pleading should signal to opposing parties that they are the subject of a legal action and that they must protect their interests. Identifying the necessary parties also alerts the court as to the identity of the necessary parties – a crucial step, because "a court lacks the power to proceed with a suit unless all necessary parties are properly before the court." *Asch v. Friends of Mt. Vernon Yacht Club*, 251 Va. 89, 91, 465 S.E.2d 817, 818 (1996).

We conclude, in accord with *Frace* and *Miller*, that a litigant who appeals the judgment of a board of zoning appeals under Code § 15.2-2314 must identify the governing body as a necessary party in the petition, and must do so within 30 days of the board of zoning appeals' final decision. If that is not done, the circuit court lacks the discretion to permit amendment of the petition to add the governing body once the 30 days have passed. Furthermore, if under these circumstances the circuit court is asked to dismiss the case for lack of a necessary party, the court must grant the motion.

## CONCLUSION

For the reasons stated, we will affirm the judgment of the circuit court.

*Affirmed.*