# VIRGINIA:

*In the Supreme Court of Virginia held at the Supreme Court Building in the City of Richmond on Thursday the 9th day of June, 2022.*

Present: Goodwyn, C.J., Powell, Kelsey, McCullough and Chafin, JJ., Russell and Millette, S.JJ.

Barry Marsh, et al., Appellants,

against                 Record No. 210560
Circuit Court No. CL20-2512

Roanoke City, et al., Appellees.

                                       Upon an appeal from a judgment rendered by the Circuit Court of the City of Roanoke.

Upon consideration of the record, briefs, and argument of counsel, the Court is of opinion that there is no reversible error in the judgment of the circuit court.

In July 2020, Barry and Becky Marsh, Ginger Morris, Carole Mayberry, Jessica and Kevin Minnix, Tom and Meredith Roller, Robert and Amber Swanson, Cathy Greenberg, John and Maria Garland, and John Harlow (collectively "Oak Hill"), the residents of an unincorporated neighborhood association in the City of Roanoke (the "City"), complained to the Zoning Administrator that Pinnacle Treatment Services of Roanoke, LLC ("Pinnacle") was violating the zoning ordinance by operating a halfway house in their neighborhood. Following an adverse response from the Zoning Administrator, Oak Hill appealed the matter to the Board of Zoning Appeals (the "BZA"). *See* Code § 15.2-2311. After considering the matter, the BZA affirmed the Zoning Administrator's decision.

Oak Hill then filed a petition for a writ of certiorari in the circuit court, which named "Roanoke City," the BZA, Pinnacle and CapGrow Holdings JV Sub V, LLC ("CapGrow")[1] as necessary parties. The City, Pinnacle, and CapGrow filed separate motions to dismiss Oak Hill's petition for failing to name the Roanoke City Council (the "Council") as a party within 30 days of the BZA's decision. After a hearing on the motion to dismiss, Oak Hill filed a motion seeking

---

[1] CapGrow is the actual owner of the property at issue, which it leases to Pinnacle.

to correct what it considered to be a misnomer.  In its motion, Oak Hill argued that it had intended to name the Council as a party, not the City.

After considering the matter, the circuit court denied Oak Hill's motion and granted the motions to dismiss.  The circuit court explained that a locality is a distinct entity from its governing body and, therefore, "Roanoke City and the City of Roanoke are not misnomers for the City Council for the City of Roanoke."  As such, it concluded that it lacked discretion to permit Oak Hill to amend its petition to include the Council as a party.

Under Code § 15.2-2314, a party seeking review of a board of zoning appeals decision is required to name "[t]he governing body" of a locality as a "necessary part[y] to the proceedings in the circuit court."  Thus, in order for proceedings to be initiated under Code § 15.2-2314, a petitioner must give notice to the governing body of the locality "by identifying it as a party in the petition."  *Boasso Am. Corp. v. Zoning Adm'r of City of Chesapeake*, 293 Va. 203, 210 (2017).  "The failure to name the governing body as a necessary party within the 30-day window contemplated by Code § 15.2-2314 remains a defect and, when timely raised . . . *requires* dismissal of the petition."  *Id.* (emphasis added).

> Compliance with this requirement does not impose a heavy burden on the petitioner.  The petitioner can name the governing body in a separate heading or caption or name it in the body of the petition, so long as "a reasonable reader would understand either from the petition's text or context or both that the [necessary party] is being mentioned not as a mere historical reference within the larger background of the case, but as the party against whom the appeal is being taken."

*Id.* at 210–11 (quoting *Christian v. Virginia Dep't of Soc. Servs.*, 45 Va. App. 310, 316 (2005)).

Moreover, merely referring to the locality is insufficient under Code § 15.2-2314.  "A 'locality' and its 'governing body' are not interchangeable terms but have separate legal identities that must be observed in initiating an action against either as a party defendant in a legal action."  *Miller v. Highland County*, 274 Va. 355 (2007).  Thus, the governing body of the locality must be specifically identified in the petition.  *See Boasso Am. Corp.*, 293 Va. at 209 (citing *Miller*, 274 Va. at 367).

Here, it cannot be said that a reasonable reader would understand that the Council was the party against whom Oak Hill was bringing an appeal under Code § 15.2-2314.  Notably, the word "council" is not mentioned once in the entire petition.  Instead, the petition makes repeated

references to "Roanoke City," which, on its face, would indicate that the petition was directed at the City rather than the Council.

Oak Hill, however, contends that "Roanoke City" is a non-entity, and, therefore, it must be interpreted as a reference to the Council. Oak Hill's argument is belied by the fact that it used "Roanoke City" interchangeably with "City of Roanoke" throughout the petition. For example, in the first paragraph of its petition, Oak Hill referred to the "*City of Roanoke* Zoning Ordinance 36.2-563." (Emphasis added.) Then, beginning in the second enumerated paragraph of the petition, Oak Hill made repeated references to the "*Roanoke City* Zoning Ordinance." (Emphasis added.) Similarly, in the fourth and twenty-second enumerated paragraphs, it referenced "Chapter 36.2 of the *Roanoke City* Code." (Emphasis added.) Taken as a whole, it is clear that, in the context of the petition, "Roanoke City" is synonymous with "City of Roanoke."

It is further worth noting that, in its prayer for relief, Oak Hill specifically requested that the circuit court "direct *the City of Roanoke* . . . to immediately require CapGrow and Pinnacle to cease operations." (Emphasis added.) As "City of Roanoke" cannot be interpreted as anything other than a reference to the City, it is clear that a reasonable reader could only interpret the petition as an action against the City, not the Council.

For similar reasons, Oak Hill's argument that it should be permitted to amend its complaint using Code § 8.01-6 must fail. Code § 8.01-6 allows a party to cure a misnomer by amending its pleadings and the resulting amendment relates back to the date of the original filing. "[A] misnomer occurs where the proper party to the underlying action has been identified, but incorrectly named." *Richmond v. Volk*, 291 Va. 60, 64 (2016). "Misjoinder, on the other hand, arises when 'the person or entity identified by the pleading was not the person by or against whom the action could, or was intended to be, brought.'" *Id.* (quoting *Estate of James v. Peyton*, 277 Va. 443, 452 (2009)). As explained above, "Roanoke City" is a misnomer for the City, not the Council. As the City is not the proper party to the petition, the repeated references to "Roanoke City" amount to a misjoinder. Accordingly, Code § 8.01-6 has no application in this case.[2]

---

[2] As the present case does not involve the correction of a misnomer, the Court does not take any position as to whether Code § 8.01-6 applies to correct actual misnomers in cases brought under Code § 15.2-2314.

This order shall be published in the Virginia Reports and certified to the Circuit Court of the City of Roanoke.

A Copy,

Teste:

Clerk