COURT OF APPEALS OF VIRGINIA

Present:    Judges Huff, AtLee and Ortiz
Argued by videoconference

STAFFORD COUNTY BOARD OF
 ZONING APPEALS, ET AL.

OPINION BY
v.      Record No. 2023-23-4          JUDGE RICHARD Y. ATLEE, JR.
AUGUST 27, 2024

JOHN L. GROVE, II, ET AL.


FROM THE CIRCUIT COURT OF STAFFORD COUNTY
Michael E. Levy, Judge

Heather K. Bardot (McGavin, Boyce, Bardot, Thorsen & Katz, P.C.,
on briefs), for appellants.

William D. Ashwell (Richard R. Bartels; Ashwell & Ashwell, PLLC,
on brief), for appellees.


This interlocutory appeal concerns whether respondents in matters brought pursuant to

Code § 15.2-2314, which addresses circuit court review of decisions of boards of zoning appeals,

may file responsive pleadings to petitions in those cases.  Here, the Stafford County Board of

Zoning Appeals (the "BZA") denied appellees' application for a "special exception" permit.

Appellees, John and Cynthia Grove and their corporation, Lupine Grove, Inc. (collectively, "the

Groves"), appealed the denial to the circuit court.  The BZA and the Board of Supervisors of

Stafford County (collectively, "appellants") demurred, but the circuit court held that the

appellants could not file responsive pleadings to a petition filed pursuant to Code § 15.2-2314.

On appeal, appellants argue that this ruling was erroneous.  For the following reasons, we reverse

and remand.

PUBLISHED

## I. BACKGROUND

In February 2022, the Groves applied for a special exception permit to operate a commercial kennel on their property. Following a hearing, the BZA denied the application. The Groves appealed the denial to the circuit court under Code § 15.2-2314, filing a petition for a writ of certiorari and requesting that the circuit court review the BZA decision and order declaratory relief. In that petition, the Groves named both the BZA and the Board of Supervisors as respondents.

Appellants, represented by the same counsel, jointly filed a demurrer to the petition. The Groves filed a brief in opposition. The circuit court overruled the demurrer, and it held that responsive pleadings may not be filed in cases brought under Code § 15.2-2314. That ruling relied largely upon a letter opinion of the Circuit Court of Fairfax County, *Harmony Hills Equestrian Center, Inc. v. Board of Supervisors*, 108 Va. Cir. 277, 283 (2021), which held that the Fairfax County Board of Supervisors was prohibited from filing a demurrer to a petition under Code § 15.2-2314. The circuit court in that case reasoned that an appeal of a board of zoning appeals decision under Code § 15.2-2314 is a "hybrid of an appeal and a trial" and is controlled by the terms of that statute. *Id.* at 279. Because the board is not a party to the matter according to the statute, the circuit court held, "it cannot short-circuit the appeal by filing a demurrer—it must file an opposition to the petition and let the appeal process play out." *Id.* at 280. This is true even if the board "knows the petition must be rejected because the appellant never preserved an issue for appeal," *id.*, or some other defect in the petition exists. Here, the circuit court, analogizing *Harmony Hills's* holding to the appellants' demurrer here, held the reasoning applied with the same force.

Appellants filed a motion for certification, asking the circuit court to certify its order so that the issue could be heard on interlocutory appeal in this Court. The circuit court certified its

ruling on a motion for an interlocutory appeal under Code § 8.01-675.5(A), and this Court granted appellants' subsequent petition for appeal.

## II. ANALYSIS

Appellants argue that the circuit court erred in its interpretation of Code § 15.2-2314 by holding that the statute prohibited both the Board of Supervisors and the BZA from filing a responsive pleading to the petition, such as the demurrer filed here. This is an issue of first impression in this Court. As a matter of statutory interpretation, it is a question of law that we review de novo. *Bd. of Supervisors of Richmond Cnty. v. Rhoads*, 294 Va. 43, 49 (2017).

Code § 15.2-2314 provides, in pertinent part, that "[a]ny person or persons jointly or severally aggrieved by any decision of the board of zoning appeals" may file a petition in the circuit court within 30 days of a board of zoning appeals's decision. Code § 15.2-2314. The circuit "court shall allow a writ of certiorari to review the decision," and the board of zoning appeals must respond. *Id.* The circuit court may ultimately "reverse or affirm, wholly or partly, or may modify the decision brought up for review." *Id.* Further,

> [i]n the case of an appeal by a person of any decision of the board of zoning appeals that denied or granted application for a special exception, the decision of the board of zoning appeals shall be presumed to be correct. The petitioner may rebut that presumption by showing to the satisfaction of the court that the board of zoning appeals applied erroneous principles of law, or where the discretion of the board of zoning appeals is involved, the decision of the board of zoning appeals was plainly wrong, was in violation of the purpose and intent of the zoning ordinance, and is not fairly debatable.

*Id.*

Most salient to this case, Code § 15.2-2314 also specifies that "[a]ny review of a decision of the board shall not be considered an action against the board and the board shall not be a party to the proceedings; however, the board shall participate in the proceedings to the extent required

by this section."[1]  This language was added to the statute via amendment in 2010.  H.B. 1063 (2010).  The statute's primary provision regarding a board of zoning appeals's required participation is that the board must file a response "[o]nce the writ of certiorari is served . . . [within] 21 days or as ordered by the court."  Code § 15.2-2314.  The locality's board of supervisors, by contrast, is a "necessary party" in cases under Code § 15.2-2314, language that also was added to the statute in the 2010 amendments.  *Id.* ("The governing body, the landowner, and the applicant before the board of zoning appeals shall be necessary parties.").  The statute is silent as to the filing of responsive pleadings at the petition stage, prior to the issuance and serving of the writ, neither expressly requiring, permitting, nor prohibiting them.

Here, the circuit court found that, because Code § 15.2-2314 states that "the board [of zoning appeals] shall not be a party" in an appeal of one of its decisions and does not expressly provide for filing responsive pleadings, neither the BZA, nor the Board of Supervisors, could file a demurrer to a petition for review.  We disagree.  Although the Groves improperly named the BZA as a party in their petition, they properly identified the Board of Supervisors—a necessary party under Code § 15.2-2314—as a respondent.  The demurrer at issue was filed jointly by both the Board of Supervisors and by the BZA who were, and are, represented by the same counsel.  Thus, this appeal presents the question of whether any respondent may file a demurrer to a petition filed pursuant to Code § 15.2-2314.

The fact that Code § 15.2-2314 does not expressly provide for a respondent to file a responsive pleading to a petition for review does not amount to a prohibition on such filings.  As a preliminary matter, Code § 8.01-273 allows the filing of a demurrer in any "action at law."  As

---

[1] Although the use of "board," by itself, may seem ambiguous given that these appeals involve both boards of zoning appeals and boards of supervisors, "the text of Code § 15.2-2314 refers only to a board of zoning appeals."  *Friends of the Rappahannock v. Caroline Cnty. Bd. of Supervisors*, 286 Va. 38, 47 (2013).

- 4 -

"[a] civil suit stating a legal cause of action and seeking only a legal remedy," *Action at Law*, *Black's Law Dictionary* (11th ed. 2019), an appeal brought pursuant to Code § 15.2-2314 certainly falls within the ambit of an "action at law." It thus follows that, at least as a starting point, Code § 8.01-273 establishes a default presumption that the filing of a demurrer is available in an appeal of a board of zoning appeals decision.

The availability of a demurrer is further supported by Part Three of the Rules of the Supreme Court of Virginia, which concern and "apply to all civil actions, in the circuit courts, . . . unless otherwise provided by law." Rule 3:1.[2] Rule 3:2 states that "[a] civil action is commenced by filing a complaint in the clerk's office. When a statute or established practice requires, a proceeding may be commenced by a pleading styled 'Petition.'" This aligns with the procedure specified in Code § 15.2-2314, which requires a person aggrieved by a board of zoning appeals decision to first file a petition in order to challenge that decision in the circuit court. Finally, Rule 3:8 sets forth the requirements for filing responsive pleadings in civil actions, including a "demurrer, plea, motion to dismiss, motion for a bill of particulars, motion craving oyer, and a written motion asserting any preliminary defense under Code § 8.01-276." It carves out no exception for petitions under Code § 15.2-2314. Therefore, Rule 3.1, which "appl[ies] to all civil actions, in the circuit courts, . . . unless otherwise provided by law," ought to, as a baseline assumption, permit responsive pleadings in zoning appeals. Of course, where a statute provides a specific process for the filing of pleadings, that language is controlling. Yet where no such process is provided—as is the case for filing responsive pleadings to a petition under Code § 15.2-2314—

---

[2] Notably, Rule 3:1 expressly excludes writs for habeas corpus from its scope. It follows, therefore, that had the General Assembly, or the Supreme Court, intended to bar boards of zoning appeals from being able to respond when a party challenges their decision in a circuit court, they could have included language indicating as much. *See City of Richmond v. Va. Elec. & Power Co.*, 292 Va. 70, 75 (2016) ("When interpreting and applying a statute, [courts] assume that the General Assembly chose, with care, the words it used in enacting the statute." (alteration in original) (quoting *Kiser v. A.W. Chesterton Co.*, 285 Va. 12, 19 n.2 (2013))).

the default rules apply. Those default rules are set forth in Code § 8.01-273 and Part Three of the Rules of the Supreme Court of Virginia, all of which permit the filing of responsive pleadings in a Code § 15.2-2314 case, as it is an "action at law," *i.e.*,"[a] civil suit stating a legal cause of action and seeking only a legal remedy." *Action at Law*, *Black's Law Dictionary*, *supra*.

Furthermore, although there is no controlling case law expressly addressing the precise scenario we have before us, the conclusion that a board of supervisors may file a responsive pleading to a petition under Code § 15.2-2314 is borne out in other appeals concerning that Code section. In *Arogas, Inc. v. Frederick County Board of Zoning Appeals*, 280 Va. 221, 230 (2010), the petitioners challenged a decision of the Frederick County Board of Zoning Appeals and Frederick County Board of Supervisors (collectively, "the County"). The County filed a demurrer arguing that the petitioners failed to state a cause of action, which the circuit court sustained. The Supreme Court affirmed this decision, without any discussion or question as to whether the County—which, just as we see in the matter before us, included both the county's board of zoning appeals and board of supervisors—was empowered to file the demurrer.[3] The Supreme Court has similarly ruled in other appeals under Code § 15.2-2314 without any remark as to whether underlying responsive pleadings were proper or permissible. *See, e.g.*, *Boasso Am. Corp. v. Zoning Adm'r of Chesapeake*, 293 Va. 203, 205 (2017) (affirming the grant of a motion to dismiss due to petitioner's failure to name the proper party within the 30-day period under Code § 15.2-2314); *Frace v. Johnson*, 289 Va. 198, 202 (2015) (same); *Friends of the Rappahannock v. Caroline Cnty.*

---

[3] Although it was published after the 2010 amendments went into effect, the underlying proceedings in *Arogas* took place before the language was added specifying that boards of zoning appeals "shall not be a party to the proceedings" and that boards of supervisors are among the "necessary parties." Code § 15.2-2314. Yet the Supreme Court has upheld the filing of responsive pleadings in cases well after that amendment went into effect. *See, e.g.*, *Boasso Am. Corp. v. Zoning Adm'r of Chesapeake*, 293 Va. 203, 205 (2017); *Frace v. Johnson*, 289 Va. 198, 202 (2015); *Friends of the Rappahannock v. Caroline Cnty. Bd. of Supervisors*, 286 Va. 38, 50-51 (2013).

*Bd. of Supervisors*, 286 Va. 38, 50-51 (2013) (affirming the circuit court's granting of a demurrer and motion to dismiss in a Code § 15.2-2314 appeal); *W. Lewinsville Heights Citizens Ass'n v. Bd. of Supervisors*, 270 Va. 259, 268 (2005) (reversing a circuit court's denial of a plea in bar in a case brought pursuant to Code § 15.2-2314); *cf. Anders Larsen Tr. v. Bd. of Supervisors*, 301 Va. 116, 122 (2022) (reversing a circuit court's finding that the petitioners lacked standing under Code § 15.2-2314, "conclud[ing] that under the circumstances of the present litigation[,] the neighbors' allegations are sufficient to survive a demurrer on the question of standing," although it is unclear from the opinion whether the board of supervisors actually filed a demurrer).

Finally, to interpret Code § 15.2-2314 as the circuit court does here would lead to absurd results. If construed as the circuit court ruled, and as articulated in *Harmony Hills*, 108 Va. Cir. at 283, it would mean that a respondent would be unable to challenge any pleading prior to the issuance of a writ of certiorari, no matter how facially deficient the petition may be, and therefore there could be no summary disposition. "[W]e will not interpret a statute in a way that leads to unreasonable or absurd results." *Jacobs v. Wilcoxson*, 71 Va. App. 521, 526 (2020). It is contrary to common sense and reason to require each appeal under Code § 15.2-2314 to proceed to the trial stage before a respondent can weigh in on even the most blatant deficiencies in a petitioner's pleading. If a petition fails to state a claim upon which relief can be granted, that is best dealt with through responsive pleadings pretrial.

Considering the above, and absent more express language in Code § 15.2-2314, we will not conclude that the General Assembly, when including the language shielding a board of zoning appeals from being made a party to any appeal, intended for that language to function to bar parties to the appeal, including the Board of Supervisors, from responding to petitions for review of boards of zoning appeals decisions.

III.  CONCLUSION

While Code § 15.2-2314 shields the BZA from being made a party to appeals brought under that statute, it does not prohibit the Board of Supervisors—a necessary party—from filing a responsive pleading to a petition for a writ of certiorari.  Accordingly, the circuit court erred in holding that the Board of Supervisors was unable to file a demurrer in this matter, and we reverse and remand the case for further proceedings consistent with this opinion.

*Reversed and remanded.*