COURT OF APPEALS OF VIRGINIA

Present:  Judges O'Brien, Fulton and White

CAROLYN F. BOWMAN, ET AL.

v.      Record No. 0995-24-2

BOARD OF SUPERVISORS OF PRINCE
 EDWARD COUNTY, VIRGINIA, ET AL.

MEMORANDUM OPINION*
PER CURIAM
AUGUST 19, 2025

FROM THE CIRCUIT COURT OF PRINCE EDWARD COUNTY
W. Allan Sharrett, Judge Designate

(Robert E. Hawthorne; Derrick P. Fellows; Bradley D. Foster;
Hawthorne & Hawthorne, P.C., on briefs), for appellants.

(Jennifer D. Royer; Royer Law Firm, P.C., on brief), for appellee
Board of Supervisors of Prince Edward County.

No brief for appellee Board of Zoning Appeals of Prince Edward
County.

UNPUBLISHED

This appeal arises from a notice of zoning violation issued to Carolyn and Corbett

Bowman.  The Bowmans appealed the notice of violation to Prince Edward County's Board of

Zoning Appeals (the "BZA"), which affirmed.  The Bowmans then petitioned the circuit court

for a writ of certiorari under Code § 15.2-2314.  The County's Board of Supervisors (the

"Board") moved to dismiss the petition by special appearance because the petition failed to name

the Board as a necessary party.  The circuit court granted the Board's motion over the Bowmans'

objections.

The Bowmans contend that the circuit court erred by granting the motion to dismiss for

three primary reasons.  First, they argue that the petition sufficiently named the Board as a

---

* This opinion is not designated for publication.  *See* Code § 17.1-413(A).

necessary party. Second, they claim that the Board waived its motion to dismiss because the motion was untimely and that the Board entered a general appearance. Finally, the Bowmans claim that the circuit court should have granted them leave to amend their petition to expressly name the Board as a necessary party based on misnomer. Having examined the briefs and record in this case, the panel unanimously agrees that oral argument is unnecessary because "the dispositive issue or issues have been authoritatively decided, and the appellant has not argued that the case law should be overturned, extended, modified, or reversed." *See* Code § 17.1-403(ii)(b); Rule 5A:27(b).

## BACKGROUND

In April 2022, the Bowmans erected an 80-foot flagpole on their land, which flew a 600 square foot flag. The Board subsequently amended the County's zoning ordinance to prohibit flying a flag larger than 40 square feet (the "Zoning Amendment").[1] The County's Director of Planning and Community Development/Assistant Zoning Administrator (the "Director") later issued a notice of violation to the Bowmans because they replaced their "formerly . . . nonconforming flag" with a new one of similar size.[2] The notice of violation ordered the Bowmans to remove their flag within 30 days.

The Bowmans appealed the notice of violation to the BZA. They argued that they had a vested right to fly a 900 square foot flag based on a building permit they had been issued. The Bowmans also contended that the Director issued the notice of violation based on concerns about

---

[1] Following the notice of violation at issue in this case, the Board further amended the zoning ordinance to prohibit flying a flag larger than 120 square feet. Prince Edward Cnty., Va., Code § 3-104.1(9)(a).

[2] The circuit court ruled in a separate proceeding that the Bowmans had a vested right in their flagpole. The Director issued the notice of violation in this case 12 days later. The Board then appealed the circuit court's judgment regarding the flagpole to this Court. *Bd. of Supervisors of Prince Edward Cnty., Va. v. Bowman*, No. 0490-23-2.

the content of their flag, violating their rights under the First Amendment.  The Bowmans did not challenge the validity of the Zoning Amendment before the BZA.  After a hearing, the BZA affirmed the notice of violation.

The Bowmans petitioned the circuit court for a writ of certiorari on August 17, 2023.  The caption of the petition styled the case as "In Re: July 18, 2023 Decision of the Board of Zoning Appeals of Prince Edward County, Virginia."[3]  The caption also requested service of process on the Director and the chairman of the BZA.  The petition did not name the Board as a party to the appeal.  The petition acknowledged, in a footnote, that the Board amended the zoning ordinance after the Director issued the notice of violation.

In addition to their earlier arguments, the Bowmans' petition asserted that the BZA erred because the Zoning Amendment was void ab initio.  The petition alleged that the Zoning Amendment had been adopted arbitrarily and capriciously "in response to political pressure as a means to impermissibly regulate the content of [the Bowmans'] flag, while carving out exceptions for other citizens' flags containing content deemed acceptable by the Board of Supervisors."  The petition claimed that the Zoning Amendment (and subsequent amendments) "should be declared to be invalid" and the notice of violation "should be set aside as being unfounded in law."  The petition's prayer for relief asked the circuit court to issue a writ of certiorari to the BZA, grant a restraining order, stay the proceedings "upon the decision appealed from," conduct an evidentiary hearing, reverse the BZA's decision, and grant other relief "as the [c]ourt deems proper."

The BZA demurred to the petition arguing, among other things, that the Bowmans had failed to timely name the Board as a necessary party under Code § 15.2-2314.[4]  The Bowmans

---

[3] The petition's style conforms to the requirements of Code § 15.2-2314.

[4] "The governing body, the landowner, and the applicant before the board of zoning appeals shall be necessary parties to the proceedings in the circuit court."  Code § 15.2-2314.

responded that the Board "was joined as a necessary party via its agent, [the Director]." The Bowmans also moved for leave to amend their petition to expressly name the Board as a party "[t]o the extent that . . . the [p]etition contain[ed] a misnomer." The Bowmans asked for their amended petition to relate back to the date they filed their original petition.

After the Bowmans moved for leave to amend, the Board moved by special appearance to dismiss the petition for failure to timely name the Board as a party to the appeal. The Bowmans countered that their petition named the Board as a party by notifying it to defend its interest in the Zoning Amendment.[5] The Bowmans asked the circuit court to grant their motion for leave to amend because the Director, as the Board's agent, was a misnomer for the Board. Finally, the Bowmans claimed that the Board waived its objection because it did not file its motion until January 12, 2024, which was not within 21 days after they served the Director on August 28, 2023. *See* Rule 3:8 (requiring a defendant to respond "within 21 days after service of the summons and complaint").

During the hearing on the competing motions, the Board explained that "the thrust of [its] argument [was] that it was not named as a necessary party in the petition." The circuit court asked the Board how the Bowmans would challenge the constitutionality of the Zoning Amendment. The Board responded that its answer would "veer[] outside of these proceedings." After "that little footnote," the Board explained that an appeal from the BZA was not the "proper venue" to challenge the constitutionality of the Zoning Amendment and that there was "different statutory authority" for such challenges. The Board then argued that the petition's prayer for relief did not

---

[5] The Bowmans highlighted that the Director forwarded the petition to the County Administrator, noting that the Bowmans were "asking for the Zoning Ordinance amendment pertaining to flags and flag poles to be invalidated by the [c]ourt." The County Administrator reported the matter to the Board, stating that "[t]he appeal ha[d] been referred to our insurance carrier for review of coverage." Although the circuit court did not receive evidence at the hearing on the Board's motion to dismiss, it found that the Board had actual knowledge of the petition.

ask the circuit court to declare the Zoning Amendment unconstitutional, so it did not suggest that the Board "need[ed] to step in and defend" it.

The circuit court found that the petition failed to name the Board as a necessary party and that it lacked jurisdiction to permit the Bowmans to amend the petition because more than 30 days had passed since the BZA entered its final order. The court ruled that it was important to recognize that the constitutionality issues were "not issues that were cognizable by this [c]ourt" and "could not be addressed . . . in the context of this action." For those reasons, the court granted the Board's motion to dismiss and denied the Bowmans' motion to amend. The Bowmans appeal.

## ANALYSIS

I. *The Bowmans' petition did not name the Board as a necessary party.*

Code § 15.2-2314 governs appeals from decisions of the BZA to the circuit court. "To properly institute proceedings under Code § 15.2-2314, an aggrieved person must give timely notice to the necessary parties identified by statute." *Frace v. Johnson*, 289 Va. 198, 201 (2015). Specifically, the aggrieved person must notify "[t]he governing body, the landowner, and the applicant" within 30 days of the BZA's decision. Code § 15.2-2314; *see also Boasso Am. Corp. v. Zoning Adm'r of Chesapeake*, 293 Va. 203, 210 (2017) (holding that "a necessary party must be included in the petition within 30 days of the final decision of the board of zoning appeals"). Although "the 30-day period 'is not an aspect of the circuit court's subject matter jurisdiction,' timely compliance with Code § 15.2-2314 is nonetheless required to trigger the circuit court's 'active jurisdiction.'" *Frace*, 289 Va. at 201 (quoting *Bd. of Supervisors v. Bd. of Zoning Appeals*, 271 Va. 336, 343, 351 (2006)). "'[A]ctive jurisdiction' . . . involves not the power of the court but the proper exercise of its authority consistent with 'settled principles of the unwritten law' or any applicable 'mandate of the statute law.'" *Cilwa v. Commonwealth*, 298 Va. 259, 266 (2019) (quoting *Farant Inv. Corp. v. Francis*, 138 Va. 417, 427 (1924)). "[A] trial

- 5 -

court's jurisdiction is a question of law," which we review de novo on appeal. *Brown v. Brown*, 69 Va. App. 462, 468 (2018) (alteration in original) (quoting *Reaves v. Tucker*, 67 Va. App. 719, 727 (2017)).

"Although [Code § 15.2-2314] makes clear that the governing body of a locality is a necessary party, it does not specify whether or how that necessary party must be identified in the petition." *Boasso*, 293 Va. at 208. The Supreme Court has held that "a litigant who appeals the judgment of a board of zoning appeals under Code § 15.2-2314 must identify the governing body as a necessary party in the petition and must do so within 30 days of the board of zoning appeals' final decision." *Id.* at 211. "Compliance with this requirement does not impose a heavy burden on the petitioner." *Id.* at 210. As the Supreme Court explained:

> The petitioner can name the governing body in a separate heading or caption or name it in the body of the petition, so long as "a reasonable reader would understand either from the petition's text or context or both that the [necessary party] is being mentioned not as a mere historical reference within the larger background of the case, but as the party against whom the appeal is being taken."

*Id.* at 210-11 (alteration in original) (quoting *Christian v. Va. Dep't of Soc. Servs.*, 45 Va. App. 310, 316 (2005)).

The Bowmans contend that the circuit court erred by dismissing their petition that timely named the Board as a necessary party. They theorize that a "reasonable reader" of the petition must be "a relatively high-ranking government official" who is "sophisticated" and "has some familiarity with proper zoning procedures." They argue that such a reader would have considered the Board to be a party because the petition called upon the Board to defend the Zoning Amendment. They emphasize that the Board had actual knowledge of the petition and that the Director and County Administrator understood that the Zoning Amendment was at issue.

But the issue here is not whether a sophisticated government official reading the petition could have understood that the Board's interests were at stake, as the Bowmans suggest.

- 6 -

Framing the inquiry this way would render it unnecessary to expressly name the Board as a party contrary to *Boasso*. *See Boasso*, 293 Va. at 211 (explaining that naming a governing body in the petition is not an "empty formalit[y]"). Instead, the issue is whether the body of the petition identified the Board such that a reasonable reader would understand, from "text or context," that the Board was "the party against whom the appeal is being taken." *Id.* (quoting *Christian*, 45 Va. App. at 316). The key is whether the petition's text and context identified the Board as a respondent to the appeal, not whether it contained an issue of interest to the Board. *See id.*

The petition expressly referenced the Board twice. First, the petition mentioned in a footnote that the Board amended the zoning ordinance after the Director issued the notice of violation. But describing the zoning ordinance's legislative history was a "mere historical reference," which was not sufficient to inform the Board that it was a party to the appeal. *Id.* (quoting *Christian*, 45 Va. App. at 316).

Second, the petition alleged that the Zoning Amendment was adopted arbitrarily and capriciously "in response to political pressure . . . while carving out exceptions for other citizens' flags containing content deemed acceptable by the Board of Supervisors." The text of this allegation is also a historical reference, explaining why the Board adopted the Zoning Amendment. Regardless, the circuit court found that it lacked subject matter jurisdiction to challenge the constitutionality of the Zoning Amendment, and the Bowmans do not challenge that finding. *See Bd. of Zoning Appeals v. Univ. Square Assocs.*, 246 Va. 290, 294 (1993) (holding that "the certiorari process does not authorize a trial court to rule on the validity or constitutionality of legislation underlying a board of zoning appeals decision"). And although the allegation supports the Bowmans' claim that the BZA erred by affirming the notice of violation, the Board was not a party to the BZA proceedings. Thus, in the context of the petition, the allegation does not sufficiently name the Board as a party to the appeal.

- 7 -

For these reasons, we hold that the Bowmans' petition failed to name the Board as a necessary party as required by Code § 15.2-2314.  Accordingly, the circuit court lacked active jurisdiction, absent the Board's waiver of the defect.  *See Boasso*, 293 Va. at 210 (explaining that "defects in the institution of a proceeding under Code § 15.2-2314, such as the failure to name a necessary party, are subject to waiver").

II.  *The circuit court correctly determined that the Board did not waive its motion to dismiss under Rule 3:8.*

"A lower court's interpretation of the Rules of [the Supreme Court], like its interpretation of a statute, presents a question of law that we review de novo."  *LaCava v. Commonwealth*, 283 Va. 465, 469-70 (2012).  In a civil case, "[a] defendant must file pleadings . . . within 21 days after service of the summons and complaint upon that defendant."  Rule 3:8(a).  "A defendant who fails to timely file a responsive pleading as prescribed in Rule 3:8 is in default."  Rule 3:19(a).  We assume, without deciding, that Rule 3:8 applies to appeals from a BZA decision.[6]

The Bowmans contend that they effectively served the petition on the Board on August 28, 2023, and that the Board did not timely file its motion to dismiss under Rule 3:8.  But, the Board was not a party to the petition and, therefore, had no obligation to file a responsive pleading under Rule 3:8, which applies to a defendant in a civil action.  Rule 3:8(a).  Further, the deadline prescribed by Rule 3:8 does not apply to a motion to dismiss based on "the lack of the court's jurisdiction over the person of an indispensable party."[7]  Code § 8.01-276.  Consequently, the Board had neither a deadline nor an obligation to file its motion to dismiss.  Indeed, the

---

[6] We may "assume, without deciding" an issue because we are required to "decide cases 'on the best and narrowest grounds available.'"  *Bon Secours-Depaul Med. Ctr., Inc. v. Rogakos-Russell*, __ Va. __, __ (Jan. 2, 2025) (quoting *Rasteck Constr. & Dev. Corp. v. Gen. Land Com. Co., LLC*, 294 Va. 416, 423 (2017)).

[7] "The Supreme Court of Virginia has used the terms 'indispensable parties' and 'necessary parties' synonymously."  *Woody v. Commonwealth*, 53 Va. App. 188, 196 (2008) (quoting *Watkins v. Fairfax Cnty. Dep't of Fam. Servs.*, 42 Va. App. 760, 765 (2004)).

record reflects that the Board moved to dismiss by special appearance because the Bowmans attempted to retroactively amend their petition to expressly name the Board as a party. For these reasons, the Board did not waive its objection to the circuit court's exercise of active jurisdiction over the case under Rule 3:19(a).

III. *The Bowmans waived their argument concerning the Board's alleged general appearance.*

"No ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable this Court to attain the ends of justice." Rule 5A:18. "The purpose of th[e] contemporaneous objection requirement [in Rule 5A:18] is to allow the trial court a fair opportunity to resolve the issue at trial, thereby preventing unnecessary appeals and retrials." *Hogle v. Commonwealth*, 75 Va. App. 743, 755 (2022) (alterations in original) (quoting *Creamer v. Commonwealth*, 64 Va. App. 185, 195 (2015)). "Specificity and timeliness undergird the contemporaneous-objection rule, animate its highly practical purpose, and allow the rule to resonate with simplicity." *Id.* (quoting *Bethea v. Commonwealth*, 297 Va. 730, 743 (2019)). "Not just any objection will do. It must be both specific and timely—so that the trial judge would know the particular point being made in time to do something about it." *Id.* (quoting *Bethea*, 297 Va. at 743). "If a party fails to timely and specifically object, he waives his argument on appeal." *Id.*

The Bowmans contend that the circuit court erred by dismissing their petition because the Board waived its objection to the circuit court's exercise of active jurisdiction by making a general appearance. They emphasize that the Board explained, at the circuit court's request, that it was inappropriate for the Bowmans to challenge the constitutionality of the Zoning Amendment in an appeal from a decision from the BZA. But the Bowmans did not argue in the circuit court that the Board made a general appearance in the case or that it waived its objection

- 9 -

to the circuit court's exercise of active jurisdiction over the case for that reason.  Accordingly,

we hold that the Bowmans waived their argument by failing to present it to the court.[8]  *Hogle*, 75

Va. App. at 755.

IV. *The circuit court properly denied the motion to amend because the Director is not a misnomer for the Board.*

"We review a circuit court's grant or denial of leave to amend a pleading under an

abuse-of-discretion standard."  *Theologis v. Weiler*, 76 Va. App. 596, 612 (2023).  Rule 1:8

provides that "[l]eave to amend should be liberally granted in furtherance of the ends of justice."

"[A] trial court's decision refusing leave to amend after a showing of good cause is, in ordinary

circumstances, an abuse of discretion."  *Theologis*, 76 Va. App. at 612 (quoting *Ford Motor Co.

v. Benitez*, 273 Va. 242, 252 (2007)).

The Bowmans contend that the circuit court should have granted them leave to expressly

name the Board as a necessary party because the Director was a misnomer for the Board.  They

correctly point out that "[a] zoning administrator is a representative of his or her board of

supervisors."  *Bd. of Supervisors of Richmond Cnty. v. Rhoads*, 294 Va. 43, 55 (2017).  They

suggest that the Director "would have been entitled to intervene in this case on behalf of the

Board . . . if he had not been named in the [p]etition."  According to the Bowmans, naming the

Director as a party instead of the Board "was harmless" because it did not prejudice the Board.

"[A] misnomer occurs where the proper party to the underlying action has been identified,

but incorrectly named."  *Marsh v. Roanoke City*, 301 Va. 152, 155 (2022) (alteration in original)

(quoting *Richmond v. Volk*, 291 Va. 60, 64 (2016)).  "Misjoinder, on the other hand, arises when

'the person or entity identified by the pleading was not the person by or against whom the action

could, or was intended to be, brought.'"  *Id.* (quoting *Richmond*, 291 Va. at 64).  "Whether the

---

[8] The Bowmans do not invoke the good cause or ends of justice exceptions to Rule 5A:18, and "the Court will not apply the exceptions *sua sponte*."  *Hogle*, 75 Va. App. at 756.

incorrect identification of a party is a misnomer or a misjoinder is a question of law reviewed de novo." *Hampton v. Meyer*, 299 Va. 121, 127 (2020).

The Bowmans implicitly concede that the Director and the Board are distinct entities. The petition did not name or serve the Director in his capacity as the Board's agent. In addition, the petition did not identify the Board as a party to the litigation for the reasons previously stated, further supporting that the Bowmans did not mistakenly name the Director as a party. Thus, the incorrect identification of the Director in this case constituted misjoinder, rather than a misnomer. *See Marsh*, 301 Va. at 155. Accordingly, the circuit court did not err by denying the Bowmans' motion for leave to amend.

## CONCLUSION

For these reasons, we affirm the circuit court's judgment.

*Affirmed.*